McINERNEY v. WM. P. McDONALD CONST. CO.

No. 185.

District Court, E. D. New York.

June 11, 1939.

Guggenheimer & Untermyer, of New York City, for plaintiff.

Watson, Bristol, Johnson & Leavenworth, of New York City, for defendant.

GALSTON, District Judge.

As was indicated at the argument of this motion, defendant's objections to inter-

rogatories 1 to 13, inclusive, and 20 and 21, in so far as they ask for information as to defendant's process since the filing of the bill of complaint, are sustained.

■ The objections to interrogatories 1 to 3, inclusive, 8 to 14, inclusive, and 18 to 21, inclusive, are sustained for the same reason, namely, that the activities or operations of the defendant since the filing of the complaint effect neither the issue of validity nor infringement. The rules of civil procedure cannot be successfully invoked to make relevant material that is not within the issues of the cause.

So far as interrogatories 6 and 10 relate to operations of the defendant prior to the filing of the bill, objections on the ground of indefiniteness are overruled with the observation, however, that the answers thereto may assume that the words "while hot" and "while in a heated state" are to be interpreted substantially within the temperatures recited in the specification. Objections to interrogatories 8 and 18 will be sustained unless the plaintiff modifies the interrogatories to indicate what is intended by the term "cold".

■ Objections to interrogatories 22 and 23 are overruled, as are likewise the exceptions to interrogatories 54 to 58, inclusive. Under the equity practice, prior to the effective date of operation of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it was sufficient for the defendant to avail itself of the statutory defenses in the terms set forth in the answer herein. It seems reasonable, however, to expect that patent causes, as well as other forms of equity suits, should yield, as far as possible, to the objectives of a simplified civil procedure. It is not sufficient for the defendant to say that these interrogatories that seek to ascertain in what respects the statutes of the United States or the rules of the Patent Office were not complied with call for mere opinions. If there has been a failure to comply with statute or rule, the plaintiff is entitled to know it before trial. And the same observations are pertinent with respect to defendant's position that the letters patent are defective in that they fail to state sufficient to enable a person skilled in the art to make and use the invention, and that the claims are vague, ambiguous and indefinite, and that the claims are excessive in breadth and scope, and that they are aggregations and are inoperative.

Now it may very well be that these last considered defenses were pleaded, as they have been so often, in patent litigations, to cover all possible defenses. Some reasonable time before trial, however, the defendant should be in position to advise the plaintiff with respect to its position as to each and all of them. It would seem that the plaintiff should be so advised at least thirty days before trial.

Motion granted as thus indicated. Settle order on notice.