## NAKKEN PATENTS CORPORATION v. RABINOWITZ.

### RADTKE PATENTS CORPORATION v. SAME.

Civ. Nos. 466, 467.

District Court, E. D. New York.
Jan. 2, 1940.

Jacob Rabinowitz, of New York City, in pro. per., for the motions.

Leonard Day, of New York City, opposed.

## CAMPBELL, District Judge.

This is a hearing of objections by the defendant to plaintiff's interrogatories and motions to strike out interrogatories 1 to 16, inclusive, in each of the above-entitled actions.

These are actions for the infringement of three letters patent.

The defendant, by his answers, denies knowledge or information sufficient to form a belief, as to the allegations contained in twelve paragraphs of the complaint herein, and denies the allegations in the two remaining paragraphs of said bills of complaint.

· The plaintiff has filed sixteen interrogatories, in each of the above-entitled suits, under the provisions of Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Defendant has filed objections to each of those interrogatories, and moves to strike them out.

The interrogatories and objections thereto in each of the above-entitled actions are identical, except that interrogatories 14 (g) to 14 (p), inclusive, do not appear in the second above-entitled action, the Radtke case, therefore one opinion will suffice.

I will first consider the motion with reference to the first above-entitled action.

Plaintiff objects to interrogatories 1, 3 (a), 3 (b), 3 (e), 4 (a), 4 (b), 4(c) and 5 upon the ground that under the date of November 20th, 1939, defendant served a notice to invalidate. In that notice, which listed 38 patents and 12 publications, and in addition is a generalization in the following words: "and many more patents and publications, the names and numbers being at the present unknown but which when known defendant shall amend this notice".

Of course, the law provides that notice must be given 30 days before trial as to any patents or publications, which will be offered by the defendant to invalidate, and while the defendant may amend by adding other patents or publications, that furnishes no reason for the defendant's refusal to state which of those, already declared, will be offered upon the trial and, therefore, interrogatories Nos. 1, 3 (a), 3 (b), 4 (a), 4 (b), 4 (c) and 5, are proper and should be answered, but as to 4 (c), there must be eliminated all, after the word "alleged", unless it be limited to sketches, detailed drawings or blueprints, in possession of the defendant, as the defendant cannot be compelled to furnish them, unless they are in his possession or under his control.

Interrogatory No. 3 (e), is disallowed, as the defendant is not required to furnish copies, but they should be obtained by the plaintiff.

Defendant objects to interrogatories 2, 3 (c), 3 (d) and 6, upon the ground that this set of interrogatories calls for an opinion on evidentiary matter.

The objection as to 3 (c), 3 (d) and 6, is sustained, and they are disallowed.

 The objection to interrogatory No. 2 is not sustained, because as I understand that interrogatory, it relates to any irregularity due to violations of the statute or rules of the Patent Office, and in that form has been held to be proper. McInerney v. William P. McDonald Const. Co., D.C., 28 F.Supp. 557.

Defendant objects to interrogatory No. 7, which requires the defendant to furnish photographs, detailed drawings and descriptions of specified parts of defendant's apparatus, on the ground that plaintiff must have knowledge of these items, and further, that his machine has many patentable features that should not be disclosed until he is protected by patents.

It does not seem to me that even if the items called for are within the knowledge of the plaintiff, that that furnishes grounds for defendant's refusal to answer. Clairemont Sterilize Egg Co. v. Kasser Egg Process Co., D.C., 14 F.2d 143, and the defendant is not relieved from answering because his apparatus may contain many patentable features, even if his combination is secret, which he does not state. Grasselli Chemical Co. v. National Aniline & Chemical Co., D.C., 282 F. 379; Pierce v. Submarine Signal Co., D.C., 25 F.Supp. 862; Nichols v. Sanborn Co., D.C., 24 F.Supp. 908.

The remaining interrogatories Nos. 8, 9, 10, 11, 12, 13, 14 (a), 14 (b), 14 (c), 14 (d), 14 (e), 14 (f), 14 (g), 14 (h), 14 (i), 14 (j), 14 (k), 14 (l), 14 (m), 14 (n), 14 (o), 14 (p), 15 and 16 are objected to by defendant on the ground that they call for evidence that plaintiff should have had when this action was started, and that it appears that plaintiff has no cause of action against the defendant and hopes to build a cause of action against him, if these interrogatories are permitted to be answered.

The interrogatories, 14 (a) to 14(p), both inclusive, must be limited to a date prior to the commencement of each of the above-entitled actions, and, as so limited, must be answered.

From interrogatory No. 15 should be eliminated the words "giving details of the construction of each of said items", and the remainder is allowed and should be answered. Interrogatories Nos. 8, 9, 10, 11, 12 and 13 should be answered.

Interrogatory No. 16 calls upon the defendant for an opinion, rather than merely an answer as to facts, because, with the information given in response to interrogatories 14 (a) to 14 (p), both inclusive, the plaintiff will be able to do exactly that which he has required the defendant to do. This interrogatory need not be answered.

Considering the motion with reference to the second above-entitled action, as I have hereinbefore stated, the interrogatories and objections are identical, except that interrogatories 14 (g) to 14 (p), propounded in the first above-entitled action, are not found in the interrogatories propounded in the second above-entitled action and, therefore, with the exception of what I have said, as to those interrogatories, in discussing the motion as to the first above-entitled suit, may be considered as repeated here, and those which I said should be allowed in the first above-entitled action, with the limitations noted, are here allowed, and those which were disallowed in that action are here disallowed.

The motion to strike, in each of the above-entitled suits, is denied as to those interrogatories which I have allowed and directed should be answered, and is granted only as to those interrogatories which I have disallowed and said should not be answered.

Settle orders on notice.