**BOWLES, Adm'r, OPA, v. McMINNVILLE MFG. CO.**

No. 85.

District Court, E. D. Tennessee, Winchester Division.

Feb. 1, 1946.

John M. Cate, Thomas Gore and John F. Morrison Jr., all of Nashville, Tenn., for plaintiff.

Frank Davenport, of McMinnville, Tenn., for defendant.

DARR, District Judge.

As I understand, the defendant's pleading denies that its operations come within the definition contended by the plaintiff whereby certain maximum prices are applicable. This becomes an issue in the lawsuit and perhaps the main issue.

I further understand that the information sought by the interrogatories objected to is such as will reflect upon the character of operation carried on by the defendant in determining the very issue above set out.

The general holding seems to be that a party may not object to interrogatories on the ground that they would require extensive research, investigation and expense, if they relate to details alleged in his pleading and concerning which he presumably has information. See cases cited in Moore's Federal Practice under the New Rules, Vol. 2, Pocket Part for 1945 at page 204.

Doubtless the plaintiff would have a right to obtain this information in some manner of discovery. If depositions were required, the same data would have to be assembled by some person connected with the defendant. So, I see no reason why it would not be just as easy to secure the information and let the interrogatories be answered as it would be if another method of discovery were required.

For the reason stated the objections to the interrogatories will be overruled.

If further time is needed in which to answer the interrogatories, the Court will consider a reassignment of the cause, which is now set for February 6, 1946.

An order will· be entered in accord with this opinion.