**PIERCE v. PIERCE et al.**
**Civil Action No. 31462.**

District Court of the United States for the District of Columbia.

Feb. 27, 1946.

DeLong Harris, of Washington, D. C., for defendant, for the motion.

Harry A. Dyson, of Washington, D. C., for plaintiff, opposed.

HOLTZOFF, Justice.

This is an action for absolute divorce on the ground of adultery. The defendant, under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, filed interrogatories directed to the plaintiff, requesting information as to the specific dates and places of the commission of the alleged acts of adultery, and now moves that the plaintiff be directed to answer the interrogatories.

One of the purposes of interrogatories is to narrow the issues and to enable the interrogating party to ascertain precisely what he will have to meet at the trial. This purpose is served by the interrogatories involved in this action. For this reason they appear to be proper. The mere fact that the defendant has filed an answer denying the charges set forth in the complaint is no reason why he should not have the specifications requested by the interrogatories, because in preparation for trial he is entitled to know precisely what he will have to meet.

Sometime ago I denied a motion for a bill of particulars requesting the same information, because the weight of authority is to the effect that bills of particulars should not be ordered for the purpose of expanding or specifying details of allegations contained in the complaint, if the complaint sets forth a cause of action to which defendant can frame an answer. The reason for not permitting bills of particulars in such situations is that motions for bills of particulars have a dilatory effect. The courts have held, again and again, that information of the kind sought here should be requested by discovery after issue is joined.

There is no reason why Rule 33 of the Federal Rules of Civil Procedure should not be applicable to divorce proceedings. The suggestion that it may embarrass the plaintiff to answer the interrogatories seems to be without merit, because at the trial, at least, the plaintiff will have to adduce the information requested in the interrogatories. The defendant is, however, entitled to the information in advance of trial in order that he may be prepared to meet the charges. Among the purposes and objectives of the Federal Rules of Civil Procedure are the elimination of the element of surprise and the narrowing of the issues for the trial.

Obviously the Federal Rules of Civil Procedure cannot be restricted by the local rules of this Court, and there has been no attempt to restrict them. Rule 11(d) of this Court provides that pretrial shall not be invoked for divorce actions, but the Federal Rules of Civil Procedure do not make pretrial mandatory. Rule 16 of the

Federal Rules of Civil Procedure grants to every district court discretionary authority to utilize pretrial procedure. This Court has reached the conclusion that pretrial procedure is not suitable for divorce actions, but this limitation has no application to discovery procedure.

My conclusion, therefore, is that the discovery procedure under the Federal Rules of Civil Procedure is applicable to divorce cases and that the interrogatories involved in this motion are proper and should be answered.

The motion is granted.