### MORAN v. PITTSBURGH–DES MOINES STEEL CO. et al.
### Civ. A. No. 4761.

District Court, W. D. Pennsylvania.
March 25, 1947.

Premo Columbus, of Pittsburgh, Pa., and Marvin C. Harrison (of Harrison & Marshman), of Cleveland, Ohio, for plaintiff.

Carl E. Glock (of Reed, Smith, Shaw & McClay), of Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

This is one of a series of cases, which are similar in nature, in which the plaintiff's decedent was killed in the explosion of a liquified gas tank constructed by the defendants for the East Ohio Gas Company of Cleveland, Ohio.

Among the various charges of negligence, the complaint alleges that the defendants prescribed and used improper steel in the construction of said cylindrical tank.

Various depositions have been taken and the question which exists herein has arisen in the taking of the deposition of J. O. Jackson. It appears that J. O. Jackson is a graduate civil engineer and was employed by the defendants as their Chief Engineer. He had final approval in the designing and construction of the cylindrical tank, and the chemical constituency of the steel to be used in said tank.

During the examination of J. O. Jackson by counsel for the complainant, an extensive inquiry was made of the facts within the knowledge of the engineer, and question has been raised as to the following questions:

1. Was there in your opinion as a designing engineer any particular grain size requisite for safe use of steel in that No. 4 tank?

2. As a designing engineer was it your opinion that the grain size was of relevance or importance in choosing or selecting steel to be used in the No. 4 tank?

3. Did you as a designing engineer have any opinion on whether or not it was important in designing this No. 4 tank and building it to have the steel normalized or not?

In connection with each of said questions, the defendants' counsel objected and instructed the witness not to answer, on the ground that the plaintiff has no right to elicit an expert's scientific opinion from his adversary's expert employee.

At the time of the pre-trial conference, which was held by the Court, counsel for the complainant orally moved the Court to direct the witness, J. O. Jackson, to answer said questions at such time as he would be recalled by the complainant for the purpose of taking additional testimony, and to furthermore direct counsel for the defendants to desist from advising said witness to not answer said questions.

The law is well settled that a witness may be questioned as to any fact or information within his knowledge which

may be relevant to the issues joined in the proceeding which is the subject of litigation. 2 A.L.R. 1576, Annotations.

Under the provisions of Rule 26(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, it is provided, inter alia, that a deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things, and the identity and location of persons having knowledge of relevant facts.

Under the provisions of Rule 43(b) of the Federal Rules of Civil Procedure, it is provided, inter alia, that a party may call an adverse party or an officer, director or managing agent of a private or public corporation and interrogate him by leading questions and contradict and impeach him in all respects as if he were called by the adverse party.

■ J. O. Jackson, in the instant proceeding, is not exactly an expert in the manner which that word is generally used when describing a witness who is called to express an opinion under a given set of facts. In this case his classification as an expert is the result of his position of trust and importance to the defendants as their Chief Civil Engineer. In such capacity, J. O. Jackson was the Managing Agent of the Engineering Department, and in this particular case his judgment was final in connection with the preparation of the specifications both as to the type of steel and the manner to be pursued in the construction of the cylindrical tank.

We, therefore, do not have an analogous situation to a case where an individual specially trained in a particular type of work is employed by a party litigant for the purpose of submitting an opinion, one way or the other, as to his judgment under a given set of facts or circumstances.

■ If J. O. Jackson, in the instant case, had been employed by the defendants solely to advise them or express an opinion under the facts which existed, there is no question in the mind of the Court but what the questions asked during the taking of depositions would be improper. This would be true for the reason that it would permit the complainant, by a deposition, to examine an expert employed by the defendants before trial, to whom the defendants have obligated themselves to pay for the opinion given and services rendered, and this would amount or be equivalent to permitting the complainant to establish and prove a case at the expense of the defendants.

It is self-evident that this witness made final decision as to all matters which were considered in the preparation of the plans and specifications to be used for the construction of said tank. Everything that was done, or not done, in the last analysis was the result of the order, decision, judgment or opinion of the witness.

Although the answer to these questions will carry the opinion of the witness, it will amount to a statement of facts as to why certain things were done, or not done, by the defendants. Unless this information is made available, and this is the one person who knows, a full and complete picture will not be presented when consideration is given as to whether negligence or lack of care existed in the construction of said tank.

■ Where an individual is an expert in a given field, and, therefore, qualified to submit an opinion, this will not deprive a party litigant from questioning said person, either by way of deposition or during trial, and asking why certain things were done or not done by the witness where said person is—

(a) Employed regularly by the adverse party, and

(b) Is the managing agent of a department, and

(c) The person who decided all matters for the adverse party in the creation of the object from which the cause of action arises.

■ I believe the witness should be confined to a statement of facts, and the ques-

tions that have been propounded can be rephrased in this manner:

1. Was the grain size of the steel to be used given any consideration in the preparation of the plan and specifications?

(a) If the grain size of the steel was considered, why and what relevance or importance was given in the selection?

(b) If the grain size of the steel was not considered, Why?

2. Was the manufacturer of the steel requested to normalize the same?

(a) Why?

The motion of the complainant to compel the witness to answer the questions referred to herein is refused. The witness, however, is directed to answer the questions as phrased in this order and opinion, and counsel for the defendants is directed to desist from interfering with compliance thereof.