**KENDALL v. UNITED AIR LINES, Inc., et al.**

**SEBO v. UNITED AIR LINES, Inc. et al.**

Civ. Nos. 47–501, 48–185.

United States District Court
S. D. New York.

Oct. 21, 1949.

tinental Insurance Co., D.C., 7 F.R.D. 548; Moran v. Pittsburgh Des Moines Steel Co., D.C., 6 F.R.D. 594. Nor is an interrogatory subject to objection on the ground that the answer "will be inadmissible at trial if the testimony sought appears reasonably calculated to lead to the discovery of admissable evidence." Rule 26(b), Federal Rules Civil Procedure, as amended March 19, 1948, 28 U.S.C.A.

The objections to interrogatories based on 49 U.S.C.A. § 581 cannot be sustained because it does not appear that the content of any report of the Civil Aeronautics Board relating to any accident or the investigation thereof is sought by those interrogatories. It does not even appear that the Board has made any report whatsoever.

Duer & Taylor, New York City, John S. Chapman, Jr., New York City, for plaintiffs.

Haight, Deming, Gardner, Poor & Havens, New York City, David L. Corbin, New York City, for United Air Lines, Inc.

Mendes & Mount, New York City, Theodore E. Wolcott, New York City, for Douglas Aircraft Co., Inc.

BONDY, District Judge.

The objection to interrogatory 99 propounded to James Edwards is sustained.

The objections to interrogatories relating to things found in the wreckage after the crash are overruled in view of the statement of plaintiffs' attorney that every such interrogatory shall be considered reframed so as to substitute for the word "found" and phrase "found in the wreckage" the phrase "observed by you."

All other objections are overruled.

An interrogatory is not objectionable because it calls for an expert opinion, especially where the expert is an engineer in the regular employ of the defendant. See Sachs v. Aluminum Co., 6 Cir., 167 F. 2d 570; Schwartz v. Howard, D.C., 27 F. Supp. 443; Bergstrom Paper Co. v. Con-

