CHENAULT v. NEBRASKA FARM PRODUCTS, Inc., et al.

Civ. No. 303.

United States District Court
D. Nebraska, North Platte Division.

Nov. 9, 1949.

Crosby & Crosby, of North Platte, Neb., Thomas E. Scofield, of Kansas City, Mo., and A. W. Geissinger, of Columbus, Ohio, for the plaintiff.

Frank M. Johnson, of Lexington, Neb., and C. Earl Hovey, of Kansas City, Mo., for the defendants.

DELEHANT, District Judge.

The plaintiff's suit is for injunctive relief, an accounting for profits and damages, and the assessment of costs incident to the defendants' alleged infringement of a patent issued to the plaintiff for improvements in a process for the preservation of organic material. The controversy involves machinery used, along with possible other ways, in the dehydration of alfalfa.

After the service by the defendants of a comprehensive answer, the plaintiff served interrogatories, sixteen in number, for answer by the defendants. The defendants, through Ervin Burkholder, who is his co-defendant's president, answered six of the interrogatories, but served objections to the others and to one of those which they had answered. Briefs have been filed by the parties in connection with the objections; and they, together with oral arguments by counsel, have been considered by the court. Announcement of the ruling on the objections may be made briefly.

In harmony with the thought underlying the flexible administration of Federal Rules of Civil Procedure, rule 33, 28 U.S.C.A., this court deals liberally and tolerantly with the presentation of interrogatories after the closing of the pleadings in an action and before its trial. Through that device definiteness and certainty of the actually litigated issues are promoted; merely formal or minatory averments are reduced to their real significance or wholly eliminated; and economy in time and money is achieved both for the litigants and for the government.

Such interrogatories, and objections made to them, should not be appraised by any rigid rules, or on the basis of a slavish fidelity to precedent. They ought rather to be considered in the light of their relation to the pleadings in the case which evokes them, without too much reference to what courts have said, or even to what the acting judge himself may have done, in other, and perhaps comparable, contexts. Any other practice would serve to formalize and congeal the rules, and thereby to thwart one of the purposes of their promulgation and impair their efficiency in operation.

However, some general considerations properly observed in ruling upon objections to interrogatories may be recalled. While the inquirer's own knowledge of the thing sought may, in some circumstances, justify rejection of an interrogatory, such knowledge is not alone a ground for the suppression of the question. The court itself may be concerned about the answer in the interest of the restriction of the issues to the real contentions of the parties. Nakken Patents Corp. v. Rabinowitz, D.C.N.Y., 1 F.R.D. 90; Clairemont Sterilized Egg Process Co. v. Kasser Egg Process Co., D.C.Cal., 14 F.2d 143. The latter case arose under the former practice but is nevertheless significant. See also Bowles v. Safeway Stores, Inc., D.C.Mo., 4 F.R.D. 469. An interrogatory is not objectionable solely because its answer requires extensive research, investigation, inquiry or even expense. Bowles v. McMinnville Mfg. Co., D.C.Tenn., 7 F.R.D. 64. Inquiries are appropriate which seek to narrow to the matters relied upon allegations which are so broad or so multifarious as to suggest the likelihood or reasonable possibility that the pleader's intention is to stand only upon a segment of them, whether ample or narrow. McInerny v. William P. McDonald Const. Co., D.C.N.Y., 28 F.Supp. 557; Dugan v. Sperry Gyroscope Co., D.C.N.Y., 35 F.Supp. 902.

**532**

The proper position towards interrogatories under Rule 33 was well summarized by Judge Mandelbaum in Kingsway Press v. Farrell Pub. Corp., D.C.N.Y., 30 F.Supp. 775 in the following language: "To summarize: (one) the scope of discovery under Rule 33 may be as broad as the scope of examination by deposition as provided in Rule 26(b); (two) it is immaterial whether the matters are as much within the knowledge of the interrogating party as of the adverse party; (third) the disclosure sought is not limited to material or ultimate facts but extends to all facts, whether ultimate or evidentiary which are relevant (excepting matters which are privileged), and (fourth) interrogatories may obtain disclosure of names and addresses of witnesses. See Moore's Federal Practice under the New Federal Rules, Vol. 2 pp. 2609–2620." See also Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, and, in association with it, the inferior court decisions in that controversy; Engl v. Aetna Life Ins. Co., 2 cir., 139 F.2d 469 (opinion by Judge Clark whose familiar participation in the preparation of the rules adds weight to his judicial deliverance upon them); Pierce v. Pierce, D.C.D.C., 5 F.R.D. 125.

On the present occasion several, though not all, of the interrogatories are prompted by allegations of the answer so broad, or the assertion of details so numerous or of such character, that it may reasonably be supposed that the defendants rely for their defense only upon a limited portion of the matter alleged in each instance. Such pleading presents a natural and obvious occasion for the submission of interrogatories designed to narrow the issues; for the plaintiff ought not to be driven, in the maintenance of his claim, to the pursuit of evidence upon items broadly alleged but actually not intended to be supported by evidence as defensive matter Pierce v. Pierce, supra.

The objection to interrogatory II is overruled, but with this reservation, that in their answer the defendants at their election may set forth verbal descriptions of the alleged devices in lieu of the drawings, photographs, cuts or publications requested in subsection (a) of the interrogatory. Thus limited, the material sought is reasonably necessary in clarification of the broad generality of paragraph VI of the defendants' answer.

The objection to interrogatory III is sustained. Essentially, paragraph VIII of the answer aimed at in the challenged interrogatory, though stated in affirmative language, is merely a negation of the plaintiff's allegation of infringement.

The separate objection to interrogatories IV and V are severally overruled. The questions seek a specification of matters alleged in the answer of the defendants in the most general terms. Such generality is unobjectionable in the answer. But it invites precisely the demand for identification, specification, and segregation which the two challenged interrogatories strive to make.

The objection made to interrogatories VII, VIII, IX and X is overruled. That the plaintiff may be aware of the material sought does not destroy his right to its clear and orderly statement and limitation. Neither does the circumstance that the defendants may have to make inquiries and investigation in order to answer the interrogatories with clarity and accuracy, or that the plaintiff might make the same efforts and thus come by the information. What is sought is the proper limitation for trial of contentions presented in the answer with extreme generality.

The objection to interrogatory XI is overruled. The plaintiff in his preparation for trial is entitled to the information sought in that question and in its subdivisions. In this connection, the court now makes clear that it considers the answer already made to interrogatory XI to be almost certainly inadequate. And, although, in default of a motion to that end, no order is now made quashing that answer, if the defendants shall persist in that answer or in an answer equivalent to it, they may consider themselves as doing so in peril of an order taxing against them any expense to which the plaintiff may be sub-

jected in his preparation for trial in consequence of the persistence by the defendants in the generality of that answer, to the extent that it shall not be supported by proof in their behalf upon the trial.

■ The objection to interrogatories XIV and XV is overruled. The interrogatories deal with the persons who now own the corporate defendant and the extent of their interests in it, and with changes, if any, in its ownership and management since the institution of the suit. The court is not in the possession of any information which would warrant it in denying the significance in the plaintiff's preparation for trial of such information.

■ The objection to interrogatory XVI is sustained. The interrogatory asks the identity, and the extent and character of cooperation or participation, of any one other than the defendants and the officers and stockholders of the corporate defendant who is supporting or promoting the defense of this action. The court is not concerned about such material, and its production is not within the plaintiff's absolute right. The conceivably broad reach of the inquiry suggests the prudence in ordinary circumstances of trying one case at a time.

An order is being entered accordingly. It allows thirty days for the service of the answers. Moreover, it recognizes that, after the time of the making of the answers and before the trial, the defendants may come upon information or material within the reach of the interrogatories beyond that possessed by them when they shall prepare the answers. And it allows the defendants, and, as a condition to their employment of such information or material upon the trial, requires them, to serve upon counsel for the plaintiff, not less than fifteen days before the opening of the trial, supplemental answers setting out such newly discovered information or material and the time and circumstances of its discovery, preserving, of course, the right seasonably to give notice of any such information or material discovered within fifteen days before the opening of trial.