**STEWART STAMPING CORPORATION**
**and Adolph W. Hoernle, Plaintiffs,**

**v.**

**WESTCHESTER PRODUCTS COM-**
**PANY et al., Defendants.**

United States District Court,
S. D. New York.

Nov. 2, 1953.

See also, D.C., 119 F.Supp. 92.

Darby & Darby, New York City, for plaintiff Stewart Stamping Corp.

Russell E. Schlorff, New York City, for defendants.

SUGARMAN, District Judge.

Defendant's motion to compel plaintiff to answer certain of defendant's interrogatories is disposed of as follows:

Interrogatory 18—On defendant's consent on argument, this interrogatory is withdrawn with prejudice.

■ Interrogatory 21—Motion to compel answer is denied. "Representations" to a mutual customer of both corporate parties, made after the filing of the complaint by plaintiff's officers and salesmen "with respect to the present suit" for patent infringement and unfair competition are irrelevant[1] and are not reasonably calculated to lead to the discovery of admissible evidence,[2] even as to whether plaintiff comes into equity with clean hands.

■ Interrogatory 23—Motion to compel answer is granted. Whether plaintiff's employees or customers ever complained about the performance of Foam Flux or Kester's Flux may be reasonably calculated to lead to the discovery of admissible evidence on the issue of corporate plaintiff's allegation that defendants overcharged it for flux sold.

■ Interrogatory 25—Motion to compel answer is denied. The interrogatory calls for a legal conclusion. However, corporate plaintiff is directed to give full disclosure of the machines themselves, used by it, by way of deposition, plans, specifications and photographs.

■ Interrogatories 26–37—Motion to compel answer is denied. These interrogatories seek the opinion of an expert upon comparison of plaintiff's patent with prior art and comparison of patents in prior art with each other. F.R.Civ.P. 33 was not designed to permit the elicitation of such data.[3]

Settle order on notice in conformity herewith.

1. McInerney v. Wm. P. McDonald Const. Co., D.C., 28 F.Supp. 557; Nakken Patents Corp. v. Rabinowitz, D.C., 1 F.R.D. 90.

2. F.R.Civ.P. 33 and 26(b), 28 U.S.C.A.

3. Lanova Corporation v. National Supply Co., D.C., 29 F.Supp. 119.