**TRUCK DRIVERS AND HELPERS LO-CAL UNION NO. 696, Plaintiff,**

v.

**GROSSHANS & PETERSEN, INC. d/b/a Petersen Ready-Mix, Defendant.**

No. T–2933.

United States District Court
D. Kansas.

June 29, 1962.

See also, 209 F.Supp. 164.

W. L. Parker, Jr., of McCullough, Parker & Wareheim, Topeka, Kan., for plaintiff.

William G. Haynes, of Lillard, Eidson, Lewis & Porter, Topeka, Kan., for defendant.

ARTHUR J. STANLEY, Jr., Chief Judge.

Plaintiff has objected to certain interrogatories served upon it by the defendant and has moved to compel more complete answers by the defendant to interrogatories served by the plaintiff.

The interrogatories objected to are:

"3. Give the names and addresses of the person or persons who filed a grievance or grievances within the provision of Article IX of the Agreement attached to the Complaint as 'Exhibit A'. The date or dates of filing and the names of the officers, agents, or representatives of the plaintiff receiving same.

"4. List the names and addresses of employees of defendant on whose behalf the plaintiffs have filed the above captioned action.

"5. Name the employees of defendant who are members of plaintiff.

"6. Name employees of defendant who desire to be represented by plaintiff for purposes of collective bargaining and for the handling of grievances."

The defendant's answers claimed by the plaintiff to be insufficient are as follows:

"1. State the names and addresses of every witness you expect to use in the trial of this case:

"Answer: 1. N. L. Petersen

"2.  Robert Galloway

"3.  W. F. Kepper

"4.  Karl Hartman

"5.  All defendants' employees (these addresses are presently known to plaintiff, or are easily ascertainable.)

"2. Itemize list and describe fully each and every piece of documentary evidence you have in your possession relating to transactions between plaintiffs and defendants, including memoranda, letters, written grievances, etc., and indicate those you expect to use in evidence in the trial of this case:

"Answer: 1. Letter from LaRue Moore

"2.  Letter from D. L. Parker

"3.  Letter from N. L. Peterson to D. L. Parker.

\*    \*    \*    \*    \*    \*

"5. Name all employees of defendant who are performing work covered under attached contract, the job they are doing and the wages they are being paid.

"Answer: 1. No employees of defendant covered by attached agreement.

"6. State whether Robert F. Galloway, attorney, was authorized to act with full authority on all matters contained in complaint between October 21, 1961, and November 10, 1961.

"Answer: 1. Robert Galloway was authorized to inform the officers, agents and representatives of plaintiff that a majority of the defendants employees had voiced a desire not to be represented by plaintiff for purposes of collective bargaining.

"7. State whether the said Robert Galloway did in fact refuse to arbitrate the matters complained of in the complaint.

"Answer: 1. Robert Galloway informed an officer, agent or representative of plaintiff that the defendants employees indicated a desire not to be represented for collective bargaining purposes by plaintiff."

The defendant has filed a motion to dismiss the action, challenging the jurisdiction of this court and the sufficiency of the allegations of the complaint. Although the issues raised by the motion are discussed in the briefs, the motion has not been presented and is not now before the court. I am now concerned only with the plaintiff's objections to interrogatories and the plaintiff's motion to compel more complete answers to interrogatories served upon the defendant under F.R.Civ.P. Rule 33, 28 U.S.C.A.

The purpose of interrogatories under Rule 33 is to assist "in narrowing the issues and to enable the interrogating party to ascertain precisely what he will have to meet at the trial." Pierce v. Pierce, 5 F.R.D. 125 (D.C.D.C. 1946). The scope of examination by interrogatories is as broad as the scope of examination by deposition under Rule 26(b). The inquiry may extend to any unprivileged matter which is relevant to the subject matter involved in the action and is not objectionable on the ground of inadmissibility at the trial so long as the information sought "appears reasonably calculated to lead to the discovery of admissible evidence." Interrogatories may be propounded on facts going to the court's jurisdiction. 4 Moore's Fed.Proc., 2d ed. 2303. Rule 33, like the other discovery rules, should be given a broad and liberal interpretation.

The plaintiff alleges in its complaint that it is such a labor organization as is authorized by 29 U.S.C.A. § 185 to sue and be sued as an entity, and that it is the exclusive bargaining agent for the employees of the defendant and as such is party to a labor contract with the defendant. If these allegations be true, it is a proper party plaintiff in its own right. Schatte v. International Alliance, 84 F.Supp. 669 (D.C.S.D.Cal. 1949), aff'd. 9 Cir., 182 F.2d 158. Plain-

tiff will not be required to answer interrogatories 4, 5 and 6, and its objection to those interrogatories will be sustained.

■ Plaintiff complains that the defendant has violated the contract by refusing to arbitrate a grievance. Arbitration is the fourth step in the grievance procedure set up by the contract. Whether the first three steps have been taken is relevant to the subject matter, and the defendant is entitled to the information sought by Interrogatory No. 3. The plaintiff will answer that interrogatory.

■ Plaintiff's Interrogatory No. 1 does not call for the names and addresses of persons having knowledge of the facts, but for the names and addresses of witnesses to be used at the trial. This inquiry should be made at a pretrial conference, not by way of interrogatory. Cogdill v. Tennessee Valley Authority, 7 F.R.D. 411 (E.D.Tenn. 1947). The defendant need not amplify its answer to this interrogatory.

■ Plaintiff's Interrogatory No. 2 is too broad and is tantamount to a demand for inspection of the documents mentioned without the showing of good cause required by Rule 34. The defendant need not amplify its answer to this interrogatory.

■ By the contract attached to the complaint, all employees of the defendant are covered. The defendant has admitted execution of this contract. The answer indicates that none of defendant's employees are performing work covered by the contract. The answer to plaintiff's Interrogatory No. 4 should be amplified by the defendant so that plaintiff may be advised as to the facts relied upon by defendant in contending that none of its employees are covered by the contract. The defendant will not be required to give conclusions of law in answering this interrogatory.

■ Plaintiff's Interrogatory No. 6 is too broad and need not be answered further.

■ The defendant's answer to plaintiff's Interrogatory No. 7 is sufficient and need not be amplified by the defendant.

Counsel will prepare and submit an appropriate order.