**TEXTROL, INC., Plaintiff,**

v.

**The D. C. OVIATT COMPANY, Defendant.**

**Civ. A. No. C 63-234.**

United States District Court
N. D. Ohio, E. D.

Oct. 22, 1964.

William J. Flynn, Cleveland, Ohio, for plaintiff.

Herbert H. Brown, Dayton, Ohio, Elmer Wargo, Springfield, Ohio, Milton D. Render, Bellbrook, Ohio, and H. A. Toulmin, Jr., of Toulmin & Toulmin, Dayton, Ohio, and Thomas J. Quigley, of Squire, Sanders & Dempsey, Cleveland, Ohio, for defendant.

KALBFLEISCH, District Judge.

Plaintiff has alleged that defendant infringed plaintiff's patent No. 3,004,647, and this has been denied by defendant. On August 18, 1964, plaintiff propounded interrogatories Nos. 22 through 28, to which defendant has objected.

The interrogatories are as follows:

"22. What function or functions are performed by relay coil CR 3 in line 12 of Defendant's control shown in Exhibit G?

"23. What function or functions are performed by relay coil CR 4 in line 13 of Defendant's control shown in Exhibit G?

"24. What function or functions are performed by relay contacts CR 3 in line 13 of Defendant's control shown in Exhibit G?

"25. What function or functions are performed by relay contacts CR 3 in line 15 of Defendant's control shown in Exhibit G?

"26. What function or functions are performed by relay contacts CR 4 in line 15 of Defendant's control shown in Exhibit G?

"27. What control function or functions does switch 1LS2 perform with respect to relay coil CR5 in line 16 of Exhibit G?

"28. What control function or functions does switch 2LS2 perform with respect to relay coil CR6 in line 19 of Exhibit G?"

▮ Defendant's principal objection is that the interrogatories call for opinions rather than facts. Judge Jones, of this District, stated in Hoak v. Empire Steel Corp., 5 F.R.D. 330, 331 (1946):

"Where the interrogatories will simplify the case for trial they should not be held improper merely because they are in the language of the claims of a patent. But a party should not be required to construe the claims of a patent, make detailed comparisons of the devices involved in the litigation, or give opinions concerning them."

It is stated in 4 Moore's Federal Practice (2nd Ed.), p. 2303, that:

"The courts in a large number of cases have held that interrogatories are improper which call for opinions, conclusions or contentions."

Thus this Court must ascertain whether plaintiff's interrogatories call for facts or opinions.

▮▮ Judge Jones, of this District, stated in Dusek v. United Air Lines, 9 F.R.D. 326, 327 (1949):

"It will be conceded that any person answering a question relating to a fact must base his answer upon conclusion, inferences, opinions or evaluations of certain things he has perceived. It also will be conceded that very little, if any, of the 'factual information' possessed by a human being is not based upon inference, deduction or conclusion."

It has been stated in Thomas French & Sons v. Carleton Venetian Blind Co., 30 F.Supp. 903, 904 (1939):

"Interrogatories Nos. 1, 2 and 3 may technically be considered as calling for an opinion, but that is true as to everything we see, if called upon to describe it, as we must form an opinion as to what we hear and see, but considered in the broader and more liberal sense, those interrogatories do not call for the opinion of the one answering, but only what he saw and understood."

■ Furthermore, 4 Moore's Federal Practice (2nd Ed.), p. 2311, states that:

"[I]t should not and cannot be interpreted to mean that the only object of discovery is 'the discovery of admissible evidence,' since it was well established, long before the amendment, that the narrowing of the issues was also a main purpose of discovery. * * * If the answer might serve some legitimate purpose, either in leading to evidence or in narrowing the issues, and to require it would not unduly burden or prejudice the interrogated party, the court should require answer."

■ The present interrogatories, considered within the framework of the purposes of pre-trial discovery, do not call for opinions and defendant's objections will be overruled.