EMPIRE SCIENTIFIC CORP., Plaintiff,

v.

PICKERING & COMPANY, Inc., Defendant.

No. 66–C–139.

United States District Court
E. D. New York.

March 7, 1968.

Kane, Dalsimer, Kane, Sullivan & Smith, New York City, for defendant; Paul L. Barrett, New York City, of counsel.

Ostrolenk, Faber, Gerb & Soffen, New York City, for plaintiff; Jerome M. Berliner, New York City, of counsel.

**6**

Memorandum of Decision and Order

MISHLER, District Judge.

Defendant moves pursuant to Rule 33 of the Federal Rules of Civil Procedure for an order striking plaintiff's second set of interrogatories, Nos. 57 to 72 inclusive.

Both parties are New York corporaions having their principal places of business within the Eastern District of New York. Jurisdiction is based upon the patent laws of the United States.[1]

The patents in issue, No. 2,917,590 and No. 3,146,319, are owned by defendant and relate to certain stereo cartridges. Plaintiff contends not only that its cartridges, the Empire 888P and its variations, do not infringe upon the above numbered patents, but also that the patents themselves are invalid. Accordingly, the complaint requests the following relief: (1) a declaratory judgment in plaintiff's favor on the issues of infringement and invalidity; (2) an injunction forbidding defendant from threatening plaintiff's customers or potential customers, or users of plaintiff's products, with infringement suits based upon the subject patents; (3) an injunction restraining defendant from instituting such suits; and (4) costs and reasonable attorneys' fees, and such other relief as justice may require.

Defendant, in turn, denies the allegations of invalidity, asserts that plaintiff's products do, in fact, infringe upon the subject patents, and counterclaims for a declaratory judgment supporting its contentions, an injunction restraining further infringement, an accounting and treble damages, and costs and reasonable attorneys' fees.

The first sets of interrogatories were served in March, 1966, and both parties submitted their answers in May of the same year. In September, 1967, however, plaintiff served its second set of interrogatories, Nos. 57 to 77(b) inclusive. Defendant has since answered interrogatories Nos. 73 to 77(b) inclusive, but objects to the remaining queries on the grounds that they seek the opinion of a patent law expert and require a comparison of defendant's patent with prior art.

Although the traditional view has been that interrogatories which call for opinions, conclusions or contentions are improper,[2] see, e. g., Textrol, Inc. v. D. C. Oviatt Co., 37 F.R.D. 27 (N.D. Ohio 1964); Nakken Patents Corp. v. Rabinowitz, 1 F.R.D. 90 (E.D.N.Y.1940), there is a noticeable trend toward permitting such interrogatories if the court is convinced that by requiring responses thereto the lawsuits could be expedited, the information obtained could lead to relevant evidence, the issues could be narrowed, unnecessary testimony and wasteful preparation could be avoided, or any other substantial purpose sanctioned by the discovery provisions of the Federal Rules could be served. See: Microtron Corp. v. Minnesota Mining & Mfg. Co., 269 F.Supp. 22 (D.N.J.1967); Diversified Products Corp. v. Sports Center Co., Inc., 42 F.R.D. 3 (D.Md.1967); Luey v. Sterling Drug, Inc., 240 F.Supp. 632, 636 (W.D.Mich.1965); Meese v. Eaton Mfg. Co., 35 F.R.D. 162, 165–166 (N.D. Ohio 1964); Railex Corp. v. Cleaners Sales & Equipment Corp., 7 Fed.Rules Serv.2d 33.319, Case 2 (E.D.N.Y.1963); United States v. Renault, Inc., 27 F.R.D. 23, 29 (S.D.N.Y.1960); United States v. Nysco Laboratories, Inc., 26 F.R.D. 159, 162 (E.D.N.Y.1960); Gagen v. Northam

1. 28 U.S.C. § 1338(a) (1964).

2. The rationale most often offered in support of this view is the conclusory state-

ment that discovery under the Federal Rules is only intended for the ascertainment of facts. See, 4 J. Moore, Fed.Prac. ¶33.17 at 2350 (2d ed. 1967).

Warren Corp., 15 F.R.D. 44, 46 (S.D.N.Y. 1953).[3]

Thus, courts have overruled objections to interrogatories seeking definitions of terms,[4] more detail regarding an alleged infringement,[5] legal and factual conclusions,[6] and expert opinions.[7] On the other hand, the courts have not hesitated to sustain objections to burdensome or unreasonable inquiries. See, e. g., Railex Corp. v. Cleaners Sales & Equipment Corp., supra; Gagen v. Northam Warren Corp., supra.

The interrogatories at issue upon this motion attempt to have defendant declare whether certain elements of the latter's patent No. 2,917,590, or their equivalents, are illustrated in the Aust patent, U.S. Patent No. 2,535,479, which is one of the patents plaintiff has submitted as prior art. Since these interrogatories are obviously designed to limit or more precisely define matter relevant to the issue of validity, the court is convinced that they are proper. Defendant has not been requested to compare one of its patents with those of many others,[8] and it appears that its president is the named inventor,[9] and that at least one other corporate officer is familiar with the controversy.

Therefore, objections to interrogatories Nos. 57 to 72 inclusive are overruled and defendant is directed to answer; and it is

So ordered.

3. See also, 4 J. Moore, Fed.Prac. ¶33.17 at 2354 (2d ed. 1967):
   In passing upon objections to interrogatories the question before the court should not be whether, as a theoretical matter, the interrogatory calls for an expression of opinion, but whether an answer would serve any substantial purpose.

4. See, e. g., Diversified Products Corp. v. Sports Center Co., Inc., supra.

5. See, e. g., Railex Corp. v. Cleaners Sales & Equipment Corp., supra.

6. See, e. g., Microtron Corp. v. Minnesota Mining & Mfg. Co., supra; Luey v. Sterling Drug, Inc., supra.

7. "An interrogatory is not objectionable because it calls for an expert opinion, especially where the expert is * * * in the regular employ of the defendant." Kendall v. United Air Lines, Inc., 9 F.R.D. 702, 703 (S.D.N.Y.1949). See also, Meese v. Eaton Mfg. Co., supra; Gagen v. Northam Warren Corp., supra.

8. Cf. Gagen v. Northam Warren Corp., supra.

9. In a patent case, no one is more qualified to express an expert opinion than the inventor. See, Meese v. Eaton Mfg. Co., supra, 35 F.R.D. at 166.