174

GRETENER, A.G., Plaintiff, Maschinenfabrik Rieter, A.G., and American Rieter Co., Inc., Plaintiffs-Intervenors,

v.

DYSON–KISSNER CORPORATION, Defendant.

No. 66 Civ. 3966.

United States District Court
S. D. New York.

June 23, 1969.

See also D.C., 298 F.Supp. 350.

Kenyon & Kenyon, New York City, for plaintiff and plaintiffs-intervenors.

Pennie, Edmonds, Morton, Taylor & Adams, New York City, for defendant.

## MEMORANDUM

LASKER, District Judge.

Defendant objects to plaintiff's and plaintiffs-intervenors' interrogatories Nos. 52 and 53, which read as follows:

"Interrogatory 52. Set forth in detail the features of the textile bobbin described in claim 2 of defendant's United States Patent No. 3,107,067 which are not present in the textile bobbins made in accordance with defendant's drawings DMU–ND dated April 23, 1956 (Mod. #6 dated December 14, 1956), PR–220 dated April 16, 1956 (Mod. #5 dated August 21, 1956), and PR–210–2 dated April 13, 1956 (Mod. #4 dated June 1, 1956) and having steel tubes with an outside diameter of 1.750 inches, which bobbins were sold to the Chemstrand Corporation prior to June 25, 1957 in accordance with defendant's order dated May 8, 1957. Copies of said drawings and order have been previously produced by defendant in this action under Bates Nos. D00330, D00331, D00335, D00318 and D00319 respectively."

"Interrogatory 53. Set forth in detail the features of the textile bobbin described in claim 3 of defendant's United States Patent No. 3,107,067 which are not present in the textile bobbins made in accordance with defendant's drawings DMU–ND dated April 23, 1956 (Mod. #6 dated December 14, 1956), PR–220 dated April 16, 1956 (Mod. #5 dated August 21, 1956), and PR–210–2 dated April 13, 1956 (Mod. #4 dated June 1, 1956), and having steel tubes with an outside diameter of 1.750 inches, whch bobbins were sold to the Chemstrand Corporation prior to June 25, 1957 in accordance with defendant's order dated May 8, 1957. Copies of said drawings and order have been previ-

ously produced by defendant in this action under Bates Nos. D00330, D00331, D00335, D00318 and D00319 respectively."

Defendant bases its objection on the ground that said interrogatories are directed to elicit opinions and conclusions rather than factual information, and that they seek information within plaintiffs' and plaintiffs-intervenors' knowledge.

In support of its position that the seeking of opinions is not proper by pre-trial discovery, defendant cites such cases as Lanova Corporation v. National Supply Co., 29 F.Supp. 119 (W.D.Penn. 1939); Fischer & Porter Company v. Sheffield Corporation, 31 F.R.D. 534 (D. C.Del.1962), and Hoak v. Empire Steel Corporation, 5 F.R.D. 330 (N.D.Ohio, 1946); as well as the holding of Judge Sugarman of this court in Stewart Stamping Corp. v. Westchester Products Co., 17 F.R.D. 248, 249 (S.D.N.Y.1953), to the effect that:

"These interrogatories seek the opinion of an expert upon comparison of plaintiff's patent with prior art and comparison of patents in prior art with each other. F.R.Civ.P. 33 was not designed to permit the elicitation of such data."

Plaintiff and plaintiffs-intervenors contend that the holdings cited by the defendant are of an earlier vintage and that the more recent doctrine supports their position. In particular, they rely on Judge Mishler's holding in Empire Scientific Corp. v. Pickering & Company, Inc., 44 F.R.D. 5 (1968), in which it was stated:

"Although the traditional view has been that interrogatories which call for opinions, conclusions or contentions are improper, see, e. g. Textrol, Inc. v. D. C. Oviatt Co., 37 F.R.D. 27 (N.D.Ohio 1964); Nakken Patents

Corp. v. Rabinowitz, 1 F.R.D. 90 (E.D. N.Y.1940), there is a noticeable trend toward permitting such interrogatories if the court is convinced that by requiring responses thereto the lawsuits could be expedited, the information obtained could lead to relevant evidence, the issues could be narrowed, unnecessary testimony and wasteful preparation could be avoided, or any other substantial purpose sanctioned by the discovery provisions of the Federal Rules could be served."

■ It seems clear that the interrogatories do solicit information in the category of opinions. While plaintiff and plaintiffs-intervenors may be correct in their contention that such interrogatories are not automatically objectionable, it is nevertheless true that such interrogatories should be justified by a showing that, as stated in the very case on which plaintiff and plaintiffs-intervenors principally rely (*Empire Scientific Corp.*, supra), " * * * the information obtained could lead to relevant evidence, the issues could be narrowed, unnecessary testimony and wasteful preparation could be avoided, or any other substantial purpose sanctioned by the discovery provisions of the Federal Rules could be served."

■ There is nothing in the papers on this motion which meets the requirement of such a showing. The statement of counsel for plaintiff and plaintiffs-intervenors in his affidavit in opposition to defendant's objections that the information sought is "relevant and necessary to the preparation of Plaintiff's and Plaintiffs-Intervenors' case" is purely conclusory and not sufficient in the circumstances.

Accordingly the objections to the interrogatories are sustained.

It is so ordered.