**Stephen DALLAS, Plaintiff,**

v.

**MARION POWER SHOVEL COMPANY, INC., and Dresser Industries, Inc., Defendants.**

**Civ. No. 87–4357.**

United States District Court, S.D. Illinois, Benton Division.

June 27, 1989.

Joseph A. Bartholomew, Cook, Shevlin & Keefe, Belleville, Ill., for plaintiff.

Kevin Krueger, Gerald D. Morris, Shepherd, Sandberg & Phoenix, Belleville, Ill., for defendants.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

This matter is before the Court on the plaintiff's motion to compel answers to deposition questions propounded to an employee of the defendant Dresser Industries, Inc.

As part of the discovery process, the defendant disclosed that Gary H. Beckley, vice-president of marketing and engineering for the Marion division of Dresser Industries, had the requisite knowledge to answer the plaintiff's interrogatories. During Beckley's deposition on March 23, 1989, the plaintiff learned that Beckley has a mechanical engineering degree from the Illinois Institute of Technology and has had extensive experience in designing equipment.

The plaintiff's attorney asked Beckley several questions during his deposition that would oblige him to base his answers on his engineering knowledge and his knowledge of what the defendant was doing with respect to the design of its product. The defendant's counsel refused to allow Beckley to answer any questions that would require him to render an opinion or to call

upon his experience as an engineer. These disputed questions were certified for ruling by the Court, and the plaintiff subsequently filed a motion to compel the defendant to produce Beckley for continuation of the deposition as to the certified questions.

The defendant contends that Beckley should not be compelled to answer the disputed questions because they call for Beckley's expert opinion, and he was not disclosed as an expert witness by the defendant. The defendant states that Beckley has never been asked to review this case and therefore is not prepared to offer opinion testimony that would be considered expert in nature. Essentially, the defendant complains that the plaintiff is attempting to build his case on Beckley's expert testimony wrongfully compelled from the defense.

Under the general rules of discovery, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." Fed.R.Civ.P. 26(b)(1). Furthermore, "[i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Although the Federal Rules place more stringent limitations upon discovery of facts and opinions held by experts, those limitations are inapplicable to this case. The portion of Rule 26 applicable to experts states that "[d]iscovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule *and acquired or developed in anticipation of litigation or for trial,* may be obtained...." Fed.R.Civ.P. 26(b)(4) (emphasis added). The key requirement is that the expert's facts and opinions must have been prepared for litigation purposes.

The defendant has made no showing that Beckley's opinions were developed in anticipation of trial. The defendant's memorandum acknowledges that Beckley has never been asked to review this case. Although Beckley may have expert knowledge within the field of engineering, the defendant did not procure that knowledge for litigation

purposes. Therefore, the plaintiff is not attempting to discover expert opinions that have been acquired as part of trial preparation. Rather, the plaintiff is seeking to discover Beckley's professional opinion based upon his general engineering knowledge and his knowledge, as vice-president of engineering, of the defendant's actions regarding its product.

Case law and commentary to the Federal Rules of Civil Procedure support the plaintiff's argument that such information is discoverable. The Advisory Committee's Note states that Rule 26(b)(4) "does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness." Advisory Committee Note, 48 F.R.D. 487, 503. The Committee's Note further indicates that "an expert who is simply a general employee of the party [but] not specially employed on the case" is not an expert subject to the protective provisions of Rule 26(b)(4). *Id.* at 504.

This view is shared by several commentators. Wright and Miller describe Rule 26(b)(4) as dividing experts into four classes, with separate rules for each:

(1) Experts a party expects to use at trial. [Rule 26(b)(4)(A) ] ...

(2) Experts retained or specially employed in anticipation of litigation or preparation for trial but not expected to be used at trial. [Rule 26(b)(4)(B) ] ...

(3) Experts informally consulted in preparation for trial but not retained ...

(4) Experts whose information was not acquired in preparation for trial.

8 C. Wright & A. Miller, Federal Practice and Procedure § 2029, at 250 (1970). The fourth category, which would include employees of a party not specially employed for purposes of litigation, as well as experts who were actors or viewers of the occurrences that gave rise to the suit, "is not included within Rule 26(b)(4) at all and facts and opinions they have are freely

discoverable as with any ordinary witness." *Id.* at 250–51.

Another commentator has noted that some employees may be hired specifically to assist in litigation and are thus non-discoverable. On the other hand, "[a] regularly employed expert may acquire information and form opinions not in anticipation of litigation or for trial and to that extent he is fully discoverable." Graham, *Discovery of Experts Under Rule 26(b)(4) of the Federal Rules of Civil Procedure: Part One, An Analytical Study*, 1976 U.Ill.L.F. 895, 942.

Several federal courts have specifically addressed the issue, holding that information held by such "in-house" experts, including the expert's opinion, is discoverable under the general provisions of Rule 26(b)(1) and is not subject to the protective limitations of Rule 26(b)(4). *Virginia Elec. and Power Co. v. Sun Shipbuilding & Dry Dock Co.*, 68 F.R.D. 397, 406–08 (E.D. Va.1975); *Kansas–Nebraska Natural Gas v. Marathon Oil Co.*, 109 F.R.D. 12, 15–16, (D.Neb.1985).

In *Virginia Elec. and Power Co.*, the court ruled that documents produced by regular employees of the defendant were not entitled to qualified immunity from discovery under Rule 26(b)(4) simply because the employees are experts and the documents contained their expert opinions, findings, and factual analysis. The court held that an "in-house expert" is to be treated, for purposes of discovery, as an ordinary witness. The court stated that "[t]his view does not in any way prohibit any expert, in-house or out, from giving an opinion in testimony at trial. It merely opens up that opinion, based on facts gained in the course of his employment to discovery under Rule 26(b)(1)." 68 F.R.D. at 408.

Similarly, in *Kansas–Nebraska Natural Gas,* the court granted the plaintiff's motion to compel two of the defendant's employees—a geologist and an engineer—to answer deposition questions. Although the deponents in that case had been assisting the defendant's attorney, the court found that their jobs were not limited to that function. Thus, their facts and opinions were not protected as part of the trial preparation process. The court allowed the plaintiff to question the experts about their activities since the filing of the lawsuit, including conclusions or opinions reached with respect to the possible migration of natural gas, which was the subject of the lawsuit. 109 F.R.D. at 14, 16.

In the case at bar, the deponent has a certain degree of education and experience upon which he could base a professional opinion regarding the product involved in this lawsuit. He not only holds a mechanical engineering degree, but also has extensive experience in designing equipment. Furthermore, as vice-president of the defendant, Beckley also should have considerable knowledge about the defendant's product. Although the defendant company did not label Beckley as an expert witness, that does not preclude him from giving his professional, or expert, opinion.

The defendant argues that Beckley does not have an expert opinion; however, the defendant does not specify what qualifications Beckley would need in order to give such an opinion. The defendant states that it would allow Beckley to answer questions about corporate philosophy regarding its products and policies if Beckley is familiar with such philosophy. The defendant also would allow Beckley to use his expertise to provide information to the plaintiff on the more arcane and technical aspects of this case. The defendant would not, however, allow Beckley to use that same expertise and knowledge of corporate operations to give his professional opinion on the subject matter of this lawsuit.

Beckley's situation is similar to that of the deponent in *Moran v. Pittsburgh–Des Moines Steel Co.*, 6 F.R.D. 594 (W.D.Pa. 1947), where the court observed:

> J.O. Jackson, in the instant proceeding, is not exactly an expert in the manner which that word is generally used when describing a witness who is called to express an opinion under a given set of facts. In this case his classification as an expert is the result of his position of trust and importance to the defendants as their Chief Civil Engineer. In such capacity, J.O. Jackson was the Managing Agent of the Engineering Department, and in this particular case his judgment

was final in connection with the preparation of the specifications both as to the type of steel and the manner to be pursued in the construction of the cylindrical tank.

*Id.* at 596. Subsequent cases also have held that an in-house expert's opinion, as well as his knowledge of underlying facts, are discoverable.

When a corporation produces an employee pursuant to a Fed.R.Civ.P. 30(b)6) notice, it represents that the employee has the authority to speak on behalf of the corporation with respect to the areas within the notice of deposition. This extends not only to facts, but also to subjective beliefs and opinions.

*Lapenna v. Upjohn Co.,* 110 F.R.D. 15, 20 (E.D.Pa.1986). *See also Kendall v. United Air Lines,* 9 F.R.D. 702, 703 (S.D.N.Y.1949) ("An interrogatory is not objectionable because it calls for an expert opinion, especially where the expert is an engineer in the regular employ of the defendant."); *Rowe Spacarb, Inc. v. Cole Prods. Corp.,* 21 F.R.D. 311, 311–12 (N.D.Ill.1957) (defendant must answer interrogatories seeking expert testimony and opinion regarding defendant's product).

The defendant's chief concern appears to be that the plaintiff has not yet named an expert or made an expert available for testimony but is seeking expert opinions of defense witnesses. The defendant argues that the plaintiff is attempting to build his case on expert testimony compelled from the defense. No legal authority exists, however, prohibiting the plaintiff from doing so.

The Advisory Committee's Note to Rule 26(b)(4) states that past judicial restrictions on discovery of an adversary's expert had reflected the fear that one side will benefit unduly from the other side's better preparation. 48 F.R.D. at 504. The Committee also states that the procedure in subsection (b)(4) minimizes this risk because discovery is limited only to trial witnesses and such discovery may be obtained only after the parties know who their expert witnesses will be. The Note to Rule 26(b)(4) also provides that "a party must as a practical matter prepare his own case in advance of that time, for he can hardly hope to build his case out of his opponent's experts." *Id.* Yet, while it may be practical for a party to retain his own experts, the Rules do not require a party to do so.

Furthermore, the chief concern in the past about disclosing expert testimony was that it would unfairly allow one party to obtain free of charge the information for which another party has paid or has obligated himself to pay. *Leding v. United States Rubber Co.,* 23 F.R.D. 220, 222 (D.Mont.1959). In the instant case, the deponent is a regular employee of the defendant. Thus, payment is not a concern. *Virginia Elec. & Power Co.,* 68 F.R.D. at 408.

For the foregoing reasons, the court finds that any opinions that Beckley may have, based on facts gained in the course of his employment, are subject to discovery under Rule 26(b)(1).

Accordingly, the plaintiff's Motion to Compel (Document No. 29) is hereby GRANTED.

IT IS SO ORDERED.