Matthew M. Levy, J.
This is an action brought by plaintiff insurance company for a judgment declaring that the policy of indemnity insurance issued by plaintiff to defendants Lipsky was fraudulently obtained, was breached by said defendants and in any event did not cover the accident sued upon by defendant Libin against defendant Pearl Lipsky in the Supreme Court, Queens County.
Plaintiff now seeks an order directing that the time of defendant Pearl Lipsky to answer the complaint in the Queens County action be extended and that all further proceedings in the Queens County action be stayed pending final judgment in the instant action. The application is not opposed by defendants Lipsky. Defendant Libin urges it be denied on the ground that in the ordinary course of trial calendar events the present equity action will be disposed of long before the Queens County negligence action, and that it is thus unnecessary and in any case unfair that the latter suit be stayed pending the determination of this suit for a declaratory judgment.
Although it may at this time seem unnecessary, that is not truly so. Steps may be taken in that action which may prejudice both the plaintiff and the defendants there. And I disagree that the stay would be unfair. On the contrary, multiplicity of actions will be avoided and the rights of all of the interested parties — including the objecting defendant — will best be protected by keeping the Queens County suit in status quo pending the prior judicial determination of those rights.
Accordingly, the motion is granted to the extent of staying all further proceedings in the Queens County action until 20 days after the final determination of this action, provided that plaintiff proceeds with its prosecution thereof with all reasonable expedition (see New Amsterdam Cas. Co. v. Kirschenbaum, 194 Misc. 104, 107; cf. Jesse E. Kahn, Inc. v. Driscoll Co., 1 Misc 2d 405, 409-411).