■ HOWARD CONKEY, Plaintiff, v. WATERLOO STOCK CAR RACING ASSN. et al., Defendants. RAYMOND LAPP, Plaintiff, v. JOHN PODOLAK, JR., et al., Defendants. CANADIAN UNIVERSAL INSURANCE COMPANY, Ltd., Appellant, v. WATERLOO STOCK CAR RACING ASSOCIATION, INC., et al., Respondents.— Order unanimously reversed, without costs, and application for a stay granted with leave to respective plaintiffs, Howard Conkey and Raymond Lapp, if they are so advised, to move for leave to intervene as parties in the declaratory judgment action. Memorandum: Plaintiffs, Howard Conkey and Raymond Lapp, brought separate actions to recover damages from defendants, Waterloo Stock Car Racing Association, Inc. (Waterloo) and Seneca County Agricultural Society (Seneca) for personal injuries alleged to have been received during a stock car race. Canadian Universal Insurance Company, Ltd., (Universal), plaintiff in the third action, had previously issued to Waterloo and Seneca a so-called automobile racing liability policy. After the institution of the two negligence actions Universal brought action against Waterloo and Seneca seeking a declaration of the respective rights and liabilities of the parties to the policy. The order before us for review denied Universal's motion for a stay of the trials of the two negligence actions pending final determination of the declaratory judgment action. We conclude that in the exercise of a proper discretion the requested relief should have been granted. We recognize the rule that generally such relief will be denied where all the matters in dispute can be determined in the basic action (3 Weinstein-Korn-Miller, par. 3001.9a). The examinations before trial, however, of the respective plaintiffs in the basic actions and various witnesses present factual issues as to whether or not either or both plaintiffs at the time of the accident were in an area (racing surface, apron or pits) where a policy exclusion exempted Universal from furnishing coverage to Waterloo and Seneca. The principal issue to be decided in the negligence actions, of course, will be that of negligence, if any, of Waterloo and Seneca and contributory negligence, if any, of Conkey and Lapp. In those actions the precise place on the race track where the respective plaintiffs were injured will be of subordinate significance. Undue emphasis thereon by the use of framed questions submitted to the jury might well be prejudicial to Universal and some or all of the parties in the negligence actions. (Appeal from order of Seneca Special Term denying motion to stay trial.) Present — Bastow, P. J., Goldman, Marsh, Witmer and Henry, JJ.