**WILMINGTON COUNTRY CLUB, a corporation of the State of Delaware**

v.

**HORWATH & HORWATH, a partnership.**

**Civ. A. No. 43834.**

United States District Court
E. D. Pennsylvania.

Jan. 15, 1969.

Verlin, Goldberg, Ellis & Epstein, by Jerome H. Ellis, Philadelphia, Pa., for plaintiff.

White & Williams, by Jan E. DuBois, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, District Judge.

This is an action against an accounting firm for malpractice, alleging that the negligence of the defendant caused or contributed to losses resulting from the defalcations of an employe for the period 1960 to 1966. The defendant objects here to Interrogatory 21 in which the plaintiff asks "The amount of money in [years 1960 through 1966] which your investigation to date indicates was probably taken by Mary K. James whether or not you believe that such amount is the final total determination and stated with the recognition that it may be necessary at a later date to change such figure as information is developed."

The defendant argues, *inter alia,* that this interrogatory calls for an opinion which it need not express to the plaintiff because such opinion is derived from an examination of books and records in the possession of the plaintiff. Dipson Theatres, Inc. v. Buffalo Theatres, Inc. 8 F.R.D. 313 (W.D.N.Y., 1948). To begin with, here we have a situation where the defendant was accountant for the plaintiff during the period in which the defalcations allegedly were taking place.

In *Dipson Theatres,* plaintiff's own accountants had maintained its books, and plaintiff was seeking to take the depositions of defendant's accountants who had examined those books. *Dipson* is far different from this case where the defendants themselves have been the plaintiff's accountants and presumably possess a very intimate and specialized knowledge of plaintiff's accounts.

Furthermore, Professor Moore makes it clear that the so-called rule that matters within the knowledge of a party are not discoverable by it no longer obtains. 4 MOORE'S FEDERAL PRACTICE, ¶ 26.21 at 1271 and ¶ 33.13 at 2320. We think, moreover, that an answer to this interrogatory may well serve the salutary purposes for which discovery was designed, to wit, to narrow the issues for trial, to lead to the discovery of evidence, and to foster an exchange of information which may lead to early settlement.

The fact that plaintiff seeks what may be characterized as an opinion, moreover, is not fatal to this interrogatory.

"\* \* \* Nor is it necessarily improper to require conclusions or opinions. The Rules themselves do not preclude it, and to establish such a prohibitory principle would enthrone theoretical considerations of logical symmetry above the practical requirements of everyday litigation. Any denial of interrogatories which are calculated to lead to evidence or to narrow the issues would thwart the purpose of the Rules. 4 Moore, Federal Practice (2d ed.), § 33.17." Hartsfield v. Gulf Oil Corp., 29 F.R.D. 163, 165 (E.D.Pa.1962) (Judge Freedman).

In Kendall v. United Air Lines, Inc., 9 F.R.D. 702, 703 (S.D.N.Y., 1949), it was held that:

"An interrogatory is not objectionable because it calls for an expert opinion, especially where the expert

is an engineer in the regular employ of the defendant. * * * "

Here, the plaintiff is asking for an estimate of its losses based on the findings of employes of the defendant who presumably had control over, and direct knowledge of, plaintiff's accounts over a period of at least six years. Such an answer would seem to require no great expense to the defendant, nor impose any undue burden upon it.

There is, of course, no significant difference between the propriety of questions on depositions as opposed to interrogatories. And in Moran v. Pittsburgh-Des Moines Steel Co., 6 F.R.D. 594, 596 (W.D.Pa., 1947), speaking of the discoverability of expert opinion, it was said:

"Where an individual is an expert in a given field, and, therefore, qualified to submit an opinion, this will not deprive a party litigant from questioning said person, either by way of deposition or during trial, and asking why certain things were done or not done by the witness where said person is—

(a) Employed regularly by the adverse party, and

(b) Is the managing agent of a department, and

(c) The person who decided all matters for the adverse party in the creation of the object from which the cause of action arises."

Here, all of the above criteria are satisfied. The examination of the plaintiff's books and records was unquestionably done by regular employes of the defendant accounting partnership. The question is addressed to those in charge of the management of defendant's business. And the defendant has at its disposal in answering the interrogatory those people who had the responsibility for overseeing the plaintiff's accounts. These factors convince us that plaintiff's Interrogatory No. 21 is proper.

We have examined defendant's other grounds for resisting this interrogatory and find them to be without merit. In case the defendant has as yet formed no opinion about the probable extent of the defalcations in each year and is in good faith unable to form such an opinion on the information currently available to it save for unwarranted speculation, it may state this for the record, consider this interrogatory continuing, and answer it at a time when it has sufficient information to estimate the probable yearly losses.

It is ordered that defendant's objection to plaintiff's Interrogatory No. 21 be and it hereby is overruled.