**ROCKWELL MANUFACTURING COMPANY, Plaintiff and Counter-Defendant,**

v.

**CHICAGO PNEUMATIC TOOL COMPANY, Defendant and Counter-Plaintiff.**

No. 70 C 2027.

United States District Court,
N. D. Illinois, E. D.
Oct. 30, 1972.

V. P. Kayser, C. Lee Cook, Jr., Chicago, Ill., John D. Nies, Arlington, Va., for plaintiff and counter-defendant.

Stephen J. Rudy, Broadview, Ill., for defendant and counter-plaintiff.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on plaintiff's motion to compel the defendant to produce and permit the plaintiff to inspect and make copies of a specified document pursuant to Rule 37(a) of the Federal Rules of Civil Procedure.

This is an action by Rockwell Manufacturing Company, the plaintiff, against Chicago Pneumatic Tool Company, the defendant, for patent infringement. On October 21, 1971 the plaintiff requested the defendant to supply a copy of a letter from L. A. Amtsberg (Defendant's Director of Engineering) to S. J. Rudy (Defendant's Patent Attorney) dated February 9, 1970 (hereinafter referred to as the "Amtsberg letter"). On November 15, 1971 the defendant refused to supply the Amtsberg letter claiming it was privileged. Pursuant to the request of both parties, this Court ordered an in camera inspection of the Amtsberg letter in order to determine whether it is protected by the Attorney-Client privilege.

After a careful inspection of the Amtsberg letter, it is the opinion of this Court that this document is protected from discovery by the Attorney-Client privilege.

The letter in question was prepared by Mr. L. A. Amtsberg in the performance of his duty as an employee of the defendant and was transmitted to Mr. S. J. Rudy, House patent counsel for the defendant. This letter was written pursuant to Mr. Rudy's request for information concerning certain patents as to which the defendant had notice as to allegations of possible patent infringements. Copies of the letter were sent to

five officers of defendant and also to Mr. R. J. Schaedler, Chief Engineer of the defendant's Rotary Product Division.

 The confidentiality of the Amtsberg letter is apparent from the face of the document. All recipients of the Amtsberg letter were acting in their capacity as employees of the defendant and had primary responsibility for dealing with the defendant's patent infringement problems. It is well settled that the dissemination of a communication between a corporation's lawyer and an employee of that corporation (such as the Amtsberg letter) to those employees directly concerned with such matters does not waive the Attorney-Client privilege. Harper and Row Publishers, Inc. v. Decker, 423 F.2d 487, 491–492 (1970), aff'd 400 U.S. 348, 91 S.Ct. 479, 27 L.Ed. 2d 433 (1971); Panduit Corporation v. Burndy Corporation et al., 172 U.S.P.Q. 46 (D.C.Ill., E.Div. Nov. 1, 1971 #70 C 2210).

From a careful examination of the Amtsberg letter and the pleadings in this case, it is evident that the document in question:

(1) was prepared by one who stood in the nature of a client;

(2) was written to a member of the Bar of this Court, acting as a lawyer in connection with the communication;

(3) related to facts of which the attorney was informed:

(a) by the client,

(b) without the presence of strangers,

(c) for the purpose of assisting in some legal proceedings, and

(d) not for the purpose of committing a crime or tort; and

(4) the privilege was:

(a) claimed, and

(b) not waived by the client.

Thus the document in question meets all the requirements necessary to be protected from discovery by the Attorney-

Client privilege as enunciated in United States v. United Shoe Machinery Corporation, 89 F.Supp. 357 (D.Mass.1950) and Panduit Corporation v. Burndy Corporation et al., *supra*.

Accordingly, it is hereby ordered that the plaintiff's motion for the production and inspection of the Amtsberg letter pursuant to Rule 37(a) is denied.