**SYLGAB STEEL & WIRE CORPORATION, Plaintiff,**

**v.**

**IMOCO–GATEWAY CORPORATION and Conrac Corporation, Defendants.**

**No. 71 C 1848.**

United States District Court,
N. D. Illinois.
March 13, 1974.

See also D.C., 357 F.Supp. 657.

Arlie O. Boswell, Jr., of Hibbin, Noyes & Bicknell, Chicago, Ill., George W. Whitney, of Brumbaugh, Graves, Donohue & Raymond, New York City, for plaintiff.

Thomas E. Dorn, of Kinzer & Dorn, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the plaintiff's motion for an order compelling the defendant, Imoco-Gateway Corporation, to produce documents and answer deposition questions pursuant to Rule 37(a) of the Federal Rules of Civil Procedure.

The jurisdiction of this Court is allegedly predicated upon the patent laws of the United States of America and 28 U.S.C. § 1338(a). The plaintiff in this action seeks to redress the alleged infringement by defendants of plaintiff's patent covering reinforcing rod supports for concrete slabs.

The plaintiff, in the instant motion, seeks to compel defendant Imoco-Gateway Corporation:

1. to produce for inspection twenty-five documents which have heretofore been withheld from production due to either an attorney-client privilege, an attorney work product immunity, or both; and

2. to answer questions relating to the subject matter and substance of the twenty-five documents.

The plaintiff contends that any attorney-client privilege or work product immunity relative to the requested documents and to the information sought by the stated questions has been waived either intentionally or by implication.

The defendant Imoco-Gateway Corporation, in opposition to the instant motion contends that the manner in which the motion was presented is in blatant disregard of the applicable procedural rules and that the motion is not well founded as a matter of law.

## I. THE DOCUMENTS IN QUESTION ARE PRIVILEGED AND PROTECTED FROM DISCOVERY.

After a careful, *in camera*, inspection of the documents in question, it is the opinion of this Court that these documents are protected from discovery by both the attorney-client and attorney work product privilege.

For convenience, the twenty-five letters in question can be classified in the following eight groups, each group involving at least one opinion of the defendant Imoco-Gateway Corporation's attorney, Mr. Thomas Dorn:

1. Documents 1–5: Dorn's opinion letter of July 6, 1965 relative to the scope of the patent act, including plaintiff's corresponding foreign patents and the patent act's applicability to Gateway Erectors Inc.'s ("Gateway") proposed products, together with four background letters for that opinion;

2. Documents 6–8: Dorn's opinion letter of June 28, 1966 relative to plaintiff's pending patent application and scope of the patent act, together with two background letters;

3. Document 9: Dorn's opinion letter of January 6, 1967 relative to the scope and validity of the Sylgab patent, including its allegedly "inapplicable" claims;

4. Documents 10–12: Dorn's opinion letter of January 17, 1967 relative to the scope and validity of the Sylgab patent, including its allegedly "inapplicable" claims and its "inoperative" disclosure, together with two background letters;

5. Documents 13–17: Dorn's opinion letter of January 23, 1967 relative to the scope and validity of the Sylgab patent, together with one background letter and three follow-up letters;

6. Documents 18–19: Dorn's opinion letter of July 8, 1970 relative to the scope and validity of the Sylgab patent, including its alleged unenforceability due to laches, together with one background letter;

7. Documents 20–23: Dorn's opinion letter of July 24, 1970 relative to the scope and invalidity of the Sylgab patent, including alleged failure to set forth the "best mode" together with three background letters; and

8. Documents 24–25: Dorn's opinion letter of August 17, 1970 relative to the scope and invalidity of the Sylgab patent, together with one follow-up letter.

The confidentiality of the documents in question is apparent from the face of such documents. All recipients of the documents in question were acting in their capacity as either attorney for the defendant or employees of the defendant who had primary responsibility for dealing with the defendant's patent infringement problems. It is well settled that the dissemination of a communication between a corporation's lawyer and an employee of that corporation to those employees directly concerned with such matters does not waive the attorney-client privilege. Harper and Row Publishers, Inc. v. Decker, 423 F.2d 487 (7th Cir. 1970); aff'd, 400 U.S. 348, 91 S.Ct. 479, 27 L.Ed.2d 433 (1971); Rockwell Mfg. Co. v. Chicago Pneumatic Tool Co., 57 F.R.D. 111 (N.D.Ill.1972); Panduit Corporation v. Burndy Corporation et al., 172 U.S.P.Q. 46 (E.D.Ill., Nov. 1, 1971, #70 C 2210).

The documents in question were prepared by Mr. Dorn, the defendant's attorney, or agents of Mr. Dorn who were doing background research concerning the patent in dispute or employees of the defendant who are concerned with such matters.

From a careful examination of the instant documents and the pleadings in

this case it is evident that some of the documents in question:

1. were prepared by one who stood in the nature of a client or who acted as an attorney in confidential matters concerning a client or who acted as an agent for such an attorney;

2. were written to or by a member of the Bar of this Court, acting as a lawyer in connection with the communication;

3. related to facts of which the attorney was informed
   a. by the client.
   b. without the presence of strangers,
   c. for the purpose of assisting in some legal proceedings, and
   d. not for the purpose of committing a crime or tort; and

4. the privilege was
   a. claimed, and
   b. not waived by the client on the face of the documents.

■ Thus, these documents meet all the requirements necessary to be protected from discovery by the attorney-client privilege as enunciated in United States v. United Shoe Machinery Corporation, 89 F.Supp. 357 (D.Mass.1950) and Panduit Corporation v. Burndy Corporation et al., *supra.*

It is also equally clear that the other documents in question which are not protected under the attorney-client privilege, are protected under the attorney work product privilege. See Rule 26(b)(3) of the Federal Rules of Civil Procedure; Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). In *Hickman,* the United States Supreme Court held that the work product doctrine protects the impressions, observations and opinions of a lawyer made "with an eye toward litigation". If the prospect of litigation is identifiable because of specific claims that have already arisen, the fact that, at the time

the document is prepared, litigation is still a contingency has not been held to render the privilege inapplicable. Stix Products, Inc. v. United Merchants & Manufacturers, Inc., 47 F.R.D. 334 (S. D.N.Y.1969). While the documents in question were written a number of years ago, it is clear that they were written and prepared with an eye toward litigation. In fact the subject matter of the documents concerned the legal assessment by defendant's attorney of whether the plaintiff's patent was valid and, if valid, whether it was infringed.

It is likely that Mr. Dorn would have been discouraged from recording his impressions had he known that they would be discoverable. See Developments in the Law—Discovery, 74 Harv.L.Rev. 940, 1030 (1961). Thus the documents in question should be considered privileged.

II. THE DEFENDANT HAS NOT WAIVED THE PRIVILEGE PREVENTING THE DISCOVERY OF THE DOCUMENTS IN QUESTION.

■ The plaintiff contends that on August 17, 1970, Gateway's counsel, Mr. Dorn, wrote to the plaintiff and stated that the plaintiff's patent was invalid, unenforceable and not infringed by Gateway. Further, the plaintiff contends that this "opinion letter" was written to Sylgab specifically at the request of Gateway, disclosed the opinions rendered by Mr. Dorn to Gateway, and explained in detail the reasons for the opinions.

■■ Practically speaking, a person should be seldom found to waive his privilege because the very nature of a privilege presumes confidentiality and intention to keep the matter from public disclosure. However, when a party's conduct reaches a certain point of disclosure fairness requires that the privilege should cease whether the party intended that result or not. A party cannot be allowed, after disclosing as much as he pleases, to withhold the remainder. He

may elect to withhold or to disclose, but after a certain point his election must remain final. See 8 Wigmore on Evidence § 2327 (1961 McNaughton Rev.). The question raised by the instant motion is whether such a point of disclosure has been reached at this stage of the litigation.

■ It is the opinion of this Court that a party cannot waive its privilege merely if its lawyer, bargaining on its behalf, contends vigorously and even in some detail that the law favors his client's position on a point in issue—whether that point is the contested validity of a patent or the contested validity of a contract or some other matter. Bargaining, like litigation itself, partakes of the adversary procedure. Negotiated settlements are to be encouraged, and bargaining and arguments precede such settlements. Clients and lawyers should not have to fear that positions on legal issues taken during negotiations waive the attorney-client privilege so that the confidential facts communicated to the attorney and the private opinions and reports drafted by an attorney for his client become discoverable. American Optical Corporation v. Medtronic, Inc., 56 F.R.D. 426 (D. Mass.1972); IBM Corp. v. Sperry Rand Corp., 44 F.R.D. 10 (D.Del.1968).

Had the defendant partially disclosed the contents of specific communications, it might well have waived its privilege as to that communication. However, the specifics of documents 1–25 were not disclosed in Mr. Dorn's letter of August 17, 1970 to the plaintiff. Thus there was no waiver of the privilege. If, during, the course of the trial the defendant seeks to prove its assertion that the patent in question was invalid and not infringed by means of the testimony of Mr. Weiland and/or any others who had knowledge of the privileged documents as to what was communicated among themselves, then fairness might require a ruling that the privilege was waived as respects all of those communications.

The recognition of a privilege does not mean that it is without condition or exception. In this case, the value of full discovery is to be balanced against the protection afforded by the privilege. Protecting the instant documents to the extent that they were intended to be confidential would do little harm to the objectives of full discovery; whereas a denial of the protection would in effect destroy the privilege whenever a party enters into negotiations, doing violence both to the policy of free disclosure between attorney and client and that of encouraging parties to resolve their differences amicably, without resort to litigation. Thus, the defendant has not waived its privilege with respect to the instant documents.

## III. PLAINTIFF'S REQUEST TO BROADEN DISCOVERY SHOULD BE DENIED.

■ Plaintiff has orally asked this Court to rule on a question propounded by plaintiff during the deposition of John K. Hughey, an officer of defendant Imoco-Gateway. The question in dispute was phrased:

"Did you have any information at that time that Goodrich had made automatic machines for producing plastic capped bar supports for Sylgab?"

Counsel for each of the defendants, Imoco-Gateway Corporation and Conrac Corporation, have objected to the question as being irrelevant to the claim of patent infringement. The basis for the objection was that the patent in suit has absolutely nothing to do with machines and that this Court has explicitly ruled that inquiries pertaining to machines are not relevant. It is the opinion of this Court that the mandate of this Court's order of May 16, 1973 is clear and the subject matter of the instant question is irrelevant to this suit. The plaintiff has failed to supply this Court with any adequate reason for so broad-

ening discovery. Thus the motion of the plaintiff should be denied.

Accordingly, it is hereby ordered that the plaintiff's motion for an order compelling the defendant to produce certain documents and answer certain deposition questions is denied and plaintiff's oral motion to broaden discovery is also denied.