UNITED STATES of America, Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.

No. 69 Civ. 200 (DNE).

United States District Court, S. D. New York, Civil Division.

May 14, 1976.

U. S. Dept. of Justice, Washington, D. C., Antitrust Div., for plaintiff.

Cravath, Swaine & Moore, New York City, for defendant.

## OPINION

EDELSTEIN, Chief Judge:

On April 16, 1973, this court entered an order, designated Special Master Order No. 1, appointing special masters pursuant to Fed.R.Civ.P. 53 for the purpose of making recommendations to the court regarding the validity of claims of privilege asserted by the parties. The history of the masters' proceedings with respect to documents withheld by defendant International Business Machines Corporation (IBM) from production to plaintiff on the basis of claims of attorney-client privilege or work product immunity is detailed in this court's opinions of June 27, 1974, 66 F.R.D. 154 (S.D.N.Y. 1974), and of October 5, 1974, 66 F.R.D. 206 (S.D.N.Y.1974).

The masters have now completed their review of IBM documents for which claims of attorney-client privilege and work product immunity have been asserted and have filed with the court their final reports with regard to these documents. Pursuant to Special Master Order No. 12 IBM has appealed the rulings of the masters as to a substantial number of the documents which the masters ruled non-privileged or lacking work product immunity.[1] At a conference held February 18, 1976, plaintiff's counsel indicated that about 26,362 documents were presented to the masters following the October 5, 1974 opinion. Of this total 2173 were held privileged. Of the remaining documents held not privileged, the rulings on about 90 per cent or about 21,800 documents have been appealed to the court. Tr. at 12700–701.

Without speaking to the appeal of those documents not addressed by this opinion, it is clear that the appeal of many of these 21,800 documents is meritless. It is an attempt to relitigate issues already decided by this court in its opinions of June 27, 1974

---

1. Defendant's masters appeals motions are as follows: Defendant's Motion to Set Aside or Amend the Final Report of Special Master Meyer Pursuant to Special Master Order 6 as Amended by Special Master Order 17 (dated August 11, 1975); Defendant's Motion to Set Aside or Amend the Final Report of Special Master Meyer Pursuant to Special Master Order No. 11, as Amended by Special Master Order No. 18 (dated December 23, 1975); Defendant's Motion to Set Aside or Amend the Final Report of Special Master Meyer Pursuant to Special Master Order No. 19 (dated Decem- ber 24, 1975); Defendant's Motion to Set Aside or Amend the Final Report of Special Master McLaughlin, dated January 20, 1976 and the three Final Reports of Special Master Climenko, dated January 21, 1976 (dated January 29, 1976); Defendant's Motion to Set Aside or Amend the four Final Reports of Special Master McLaughlin, dated January 23, January 26 and January 27, 1976 (dated February 4, 1976); Defendant's Motion to Set Aside or Amend the Final Report of Special Master McLaughlin Pursuant to Special Master Order No. 20, dated January 28, 1976 (dated February 13, 1976).

and October 5, 1974. These documents have been described by IBM to be of the following types:

(1) "Work product material prepared in anticipation of litigation or for trial in other litigation not related to *United States v. IBM*."

In its June 27, 1974 opinion this court wrote that "for something to be considered 'trial preparation material' (work product) under Fed.R.Civ.P. 26(b)(3) it must be prepared 'in anticipation of litigation or for trial' in the case in which the special immunity accorded to such material is sought." 66 F.R.D. 154, 178 (S.D.N.Y.1974). This determination is embodied in the review guidelines set forth in the Final Report of Special Masters Re: (a) Glossary and (b) Revision of IBM Claims which was adopted by this court in its opinion of October 5, 1974. Documents in this category have not been prepared for use in this action; as such they do not merit further consideration by this court.

(2) "Internal instructions/suggestions to seek legal advice."

█ In its October 5, 1974 opinion this court cites the essential elements of the attorney-client privilege. Among these crucial elements is "(3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort . . . ." 66 F.R.D. at 211 (emphasis omitted). The court goes on to observe that the purpose of the attorney-client privilege is to encourage the client to make full disclosure to his attorney and cites the Second Circuit that " 'the authorities are clear that the privilege extends essentially only to the substance of matters communicated to an attorney in professional confidence.' *Colton v. United States*, 306 F.2d 633, 637 (2d Cir. 1962), *cert. denied*, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963)." Since the privilege exists to protect a disclosure by the client to the attorney, internal instructions or suggestions to seek legal advice clearly fall outside the privilege. Accordingly, documents of this type will not be reviewed by the court.

(3) "Internal communications transmitting information for the purpose of obtaining legal advice."

For the reasons stated under category (2) above, such internal communications will not be reviewed by the court.

(4) "Internal restatement of counsel's request for information and/or internal communications requesting information for counsel's use in rendering legal advice."

█ The purpose of the attorney-client privilege is to protect the communications of the client and not the requests or advice of the attorney as this court emphasized in its October 5, 1974 opinion where it rejected defendant's objections to the Masters' Report therein adopted. For this reason and for the reasons set forth under category (2) above, such internal restatements of counsel's requests for information are not within the privilege.

(5) "Internal restatements of attorney's legal advice and/or internal documents which reflect or reveal such advice."

█ For the reasons set forth under categories (2) and (4) above, documents in this category are not privileged.

(6) "Documents which show that specific activities were reviewed with attorneys, including restatements of requests for legal advice, documents which reveal that specific information was given to attorneys for legal review, and statements of facts relating to litigation or to legal issues by an attorney to other attorneys or to businessmen (stating reports) so that the businessman or attorneys would have sufficient background information to understand the attorney's legal advice."

■ For the reasons set forth under categories (2) and (4) above, documents in this category are not privileged.

All documents listed by defendant under the foregoing categories in its masters appeals motions must be produced to plaintiff within 15 days from the date of this opinion with the following exception related to multiple listings or duplicate documents.

IBM need not at this time produce any documents which are also now listed in categories other than those six disposed of herein or which are duplicates of documents now listed in such other remaining categories. However, IBM must submit to the court a list of those documents so withheld and a cross-reference to the duplicates of these documents found in the categories for which review is reserved. This list and cross-reference is due to the court within 15 days of the date of this opinion.

IBM has characterized another group of documents as follows:

"Work product material prepared in anticipation of litigation or for trial in antitrust cases involving substantially the same facts or issues as *United States v. IBM*, or in anticipation of trial or for use in both *United States v. IBM* and in other antitrust cases involving substantially the same facts or issues as *United States v. IBM*."

■ The court's position on work product documents has been restated earlier in this opinion. However, it should be further noted that the work product guideline in the Masters' Report adopted by the court in its October 5, 1974 opinion states, "All documents which do not disclose that they were prepared for use in this litigation will not be privileged as work-product."

Given the court's guidelines on work product, IBM's description of this group of documents reveals that it may be appealing documents herein described which do not meet the court's limitations on work product documents. Therefore, IBM is ordered to review all the documents listed in its motions under this description and eliminate from this court's review any documents which were "prepared in anticipation of litigation or for trial in antitrust cases involving substantially the same facts or issues as *United States v. IBM*." All documents from this category so eliminated by IBM's review must be produced to plaintiff within 15 days of the date of this opinion except to the extent they may be governed by the provisions of this order set forth above governing the non-production of multiple listings or duplicate documents.

Within 15 days from the date of this opinion IBM must submit to the court a list of those documents eliminated by its review of this category; the list must indicate the Special Master's report governing these documents, under which IBM motion their review was appealed, and under which file source they were listed. If this list is not received by the court within 15 days from the date of this opinion, all documents in this category will be ordered produced to plaintiff.

Following the production of documents pursuant to this order, the court will allow plaintiff to compare any of the documents produced by IBM with the copies of those documents retained by the court.

So ordered.