WESTHEMECO LTD., Plaintiff,

v.

NEW HAMPSHIRE INSURANCE CO. and Florida East Coast Railway Co., Defendants and Third-Party Plaintiffs,

v.

ALBERT PIPE SUPPLY CO., Standard Pipeprotection Division-General Steel Industries, Inc., Tubeco, Inc., and Crippen Pipe Fabrication Co., Third-Party Defendants.

No. 77 Civ. 4179 (IBC).

COMMERCIAL UNION INSURANCE CO., Plaintiff,

v.

ALBERT PIPE SUPPLY CO., INC., Defendant.

No. 79 Civ. 2505 (IBC).

United States District Court, S. D. New York.

June 12, 1979.

On Motion to Compel Answers to Interrogatories June 14, 1979.

Frank D. Platt, Feder, Barnett & Platt, Dennis M. Perlberg, Greenhill & Speyer, New York City, for plaintiff Westhemeco.

Franklin D. Tell, Tell, Cheser, Breitbart & Lefkowitz, New York City, for defendant and third-party plaintiff New Hampshire Ins. Co.

Hyman Hillenbrand, Bleakley, Platt, Schmidt & Fritz, New York City, for defendant and third-party plaintiff Florida East Coast Ry.

Benjamin M. Haber, New York City, for third-party defendants Albert Pipe and Tubeco, Inc.

Patterson, Belknap, Webb & Tyler, New York City, for third-party defendant Standard Pipeprotection Division-General Steel Industries, Inc.

Harold B. Brady, Brooklyn, N. Y., for third-party defendant Crippen Pipe.

David S. Ratner, New York City, for movant Commercial Union Ins. Co.

## MEMORANDUM

IRVING BEN COOPER, District Judge.

In 1977, Westhemeco Ltd. ("Westhemeco") commenced an action against defendants New Hampshire Insurance Co. ("N.H.") and Florida East Coast Railway Co. ("Florida Rwy.") in Westchester Supreme Court. The case was then removed to Federal Court on August 23, 1977. The complaint alleges a breach of a bill of lading contract for interstate shipment, and specifically invokes the jurisdiction of 49 U.S.C. § 20(11), and 28 U.S.C. § 1337.

Essentially, Westhemeco alleges that N.H. had issued an insurance policy covering damage or loss to certain goods belonging to Westhemeco; that these goods were damaged; and that N.H. has failed to pay on the claim.

The essence of the complaint against Florida Rwy. was that Westhemeco had contracted with Florida Rwy. for transport of certain goods to Florida; that the goods were damaged while in the custody of Florida Rwy.; and that the Florida Rwy. had failed to make good on Westhemeco's claim, thereby breaching its contract of carriage.

N.H. and Florida Rwy., as third-party plaintiffs, commenced a third-party action on March 22, 1979, against Albert Pipe Supply Co. ("Albert"), Standard Pipeprotection Division-General Steel Industries, Inc. ("Standard Pipe"), Tubeco, Inc. ("Tubeco"), and Crippen Pipe Fabrication Co. ("Crippen").

The allegations of the third-party complaint are that the third-party defendants contracted with Westhemeco to supply coated and uncoated pipe and fabrications pursuant to certain specifications as set forth by the American Water Works Association, and to arrange for proper loading and shipping of pipes, etc. to West Palm Beach; that the third-party defendants breached their contract by failing to perform to those specifications, thereby causing damage to Westhemeco's property, for which Westhemeco should recover directly from the third-party defendants, if at all.

An application for a stay of all proceedings was brought on by an order to show cause, by Commercial Union Insurance Company ("CUIC") with whom third-party defendant Albert had an insurance contract at the time of the incidents in question. CUIC has also instituted a declaratory judgment action before this Court on the issue of CUIC's liability under the insurance policy to defend and indemnify Albert in the instant third-party action. CUIC seeks either a stay of all proceedings in the main case, or a severance and stay of the third-party action only, pending determination of the declaratory judgment issue.

For the sake of clarity in the course of determining this motion for a stay, we divide the present action into two parts: *Westhemeco v. N.H. and Florida Rwy.;* and *N.H. and Florida Rwy. v. Albert, et al.,* (respectively, the "main" and the "third-party" actions).

CUIC maintains that the particular liability with which Albert is charged by the third-party plaintiffs, is excluded from coverage under the terms of the insurance policy; consequently, that issue should be resolved before the case goes forward, to avoid prejudice on the grounds that if CUIC is held not liable, it will then have to get its own attorney into the case; and that if CUIC is liable, it will have lost control over the conduct of the defense. In sum, it is alleged that great prejudice will result if the case continues while the declaratory judgment issue remains unresolved. CUIC further alleges that no other parties will be prejudiced by the stay, since it is anticipated that the stay will be of short duration, and for the further reason that Westhemeco and the third-party plaintiffs have delayed considerably already.[1]

---

1. In its original form, CUIC filed an order to show cause, requesting a stay of Albert's time to answer the third-party complaint until 20 days after determination by the Court of the declaratory judgment action, in order to prevent Albert's default on its time to answer. Normally, an order to show cause is not an acceptable procedure in the federal courts—the parties are supposed to proceed by motion, although special provisions are available on an informal basis for accelerated consideration of the issues involved. F.R.Civ.P. 7(b)(1); F.R. Civ.P. 6(d); 5 Wright & Miller, Federal Practice and Procedure: Civil § 1195. *If sufficient rea-* son is given, Local Rule 9(c)(4) of the Southern District of New York provides that an order to show cause may be acceptable, upon good reason shown by affidavit. The reason given here was to avoid default. However, the order to show cause was finally filed on May 17, 1979, just one day after Albert's answer had been filed by its own attorney, and the portion requesting additional time to answer was stricken.

In light of the above, we have not treated this as a peremptory order to show cause, but rather as a motion on notice.

## THE REACTIONS OF THE OTHER PARTIES TO THE REQUEST FOR STAY

*Plaintiff Westhemeco:* Westhemeco opposes stay of the entire action, but does not object to severance and stay of the third-party action. Westhemeco points out that the issue of CUIC's coverage of Albert does not affect Westhemeco's claims against N.H. or Florida Rwy., and that it would be unfair to halt the main action on that point alone.

*Third-party plaintiff N.H. Insurance:* This litigant supports the motion for a stay in full, alleging that Westhemeco's claim against the defendants depends on the terms of Westhemeco's contract with Albert—thus N.H. claims that it cannot defend its own case without Albert and the other third-party defendants. Severance and stay is opposed. N.H. agrees with the others that prejudice will result to Albert if it is forced to proceed before resolution of the issue of coverage; and that Westhemeco will not be prejudiced by the stay, since (N.H. alleges), Westhemeco has already been compensated for its alleged losses by the recipient of the pipe materials, Burmah Oil.

*Third-party plaintiff Florida Rwy.:* Florida Rwy. has no objection to a stay in full, but objects to severance and stay of the third-party action, claiming that the third-party defendants are essential parties to the main action; and that agreements between Westhemeco and the third-party defendants may determine the issue of its own liability. Florida claims that a full stay would avoid multiplicity of litigation.

*Third-party defendant Albert:* Albert joins in the request for stay, or severance and stay of the third-party action alone. Albert claims that it would be unfair to require it to proceed without determination of the obligations of CUIC. Albert points out that CUIC proceeded diligently in responding to the action, having received notice of it only in early May. Albert points to delays by both Westhemeco and the third-party plaintiffs, as indication that no prejudice would result to them from a stay.

CUIC's responsive position is that since Albert will be prejudiced if the action goes forward, and the other parties will not be prejudiced if the stay is granted, the stay should issue. CUIC requests that at least the third-party action be stayed, and points out that no discovery has commenced in that portion of the action. (In fact, Albert filed a request for interrogatories with its answer to the third-party complaint, but that is the only such discovery document received by this Court, and of course Albert consents to the stay.)

■ CUIC cites New York State cases in support of its position that a stay should be ordered pending resolution of relevant issues in a separate declaratory judgment action. We find these cases to be on point, but not necessarily controlling. See *Conkey v. Waterloo Stock Car Racing Assn.,* 30 A.D.2d 760, 292 N.Y.S.2d 263 (4th Dept. 1968); *Westchester Fire Insurance Co. v. Lipsky,* 9 Misc.2d 390, 170 N.Y.S.2d 566 (Sup.Ct.1968). The equitable grounds stated as the basis for a stay pending determination of an interim motion, are the avoidance of injury to a party, and the prevention of multiplicity of actions. Where the rights of *all* parties will best be protected by keeping the *status quo,* pending prior judicial determination of certain rights, a stay may be granted for a reasonable period of time, according to the cases cited above.

Mr. Justice Cardozo stated in *Landis v. North American Co.,* 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936): "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."

■ A general discussion of the court's power to stay or enjoin proceedings in 7A Wright & Miller's Federal Practice and Procedure: Civil § 1838, recites considerations of fairness, the prevention of prejudice to parties and to the judicial process. The

court has the power to ensure that the interim action is prosecuted with all reasonable expedition. Of course, the court can mold its decree to meet the exigencies of the particular case.

## THE DECLARATORY JUDGMENT RELIEF SOUGHT BY CUIC

The only issue raised by CUIC is whether the insurance policy issued to Albert, admittedly in effect at the time of the incidents in question, had a provision specifically excluding from coverage the type of liability with which Albert is charged as a third-party defendant.

The third-party plaintiffs allege that Albert breached its contract with Westhemeco to supply fabrications and pipes in that Albert failed to perform its obligations pursuant to specifications set forth by the American Water Works Association. Albert claims that its policy with CUIC covers this action, and that CUIC must defend Albert and indemnify it from any loss in this case. CUIC has disclaimed any obligation to cover Albert under the terms of the insurance contract.

Thus, the sole issue is whether or not CUIC is obligated under the insurance contract to defend or indemnify Albert. It is a matter of construction of the terms of the contract, and application to the facts of the third-party complaint against Albert.

It should be noted that motion papers are complete in a motion by Westhemeco to compel discovery by N.H. in response to interrogatories, and a request for the production of documents. The question of whether or not the motion to compel discovery should be granted or denied bears no relation to the question of who will defend Albert. There is no reason why determination of this motion should be held up pending determination of the declaratory judgment action brought against a third-party defendant, for the relatively short time it will take to determine the declaratory judgment motion. The declaratory judgment matter does not go to the merits of the action brought by the third-party plaintiffs, and thus their own case is not affected in any substantial way.

■ Thus, motion for stay of third-party actions pending resolution of an interim declaratory judgment issue is granted, until a determination of that issue is released by the Court. Discovery matters in the main case may proceed, upon notice to all parties both in the main and the third-party actions.

SO ORDERED:

## ON MOTION TO COMPEL ANSWERS TO INTERROGATORIES

Plaintiff moves to compel defendant New Hampshire Insurance Company ("D") to answer certain interrogatories and produce certain documents. Plaintiff also moves that it be awarded costs, disbursements and attorneys fees incurred in making the instant motion. Each request will be discussed in turn.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Interrogatory No. 6: Defendant objects to so much of this interrogatory which requests disclosure of the purposes for which defendant retained attorneys in connection with the claim which is the subject of this action; also the identity of the person who acted on behalf of defendant in retaining attorneys. The ground for the objection is that "the information requested is protected by the attorney-client privilege." We disagree.

■ Inquiries into the "general nature of the legal services performed" do not invade the area protected by the attorney-client privilege because they "do not call for any confidential communication." *Colton v. United States,* 306 F.2d 633 (2d Cir. 1962), *cert. denied,* 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963). The attorney-client privilege attaches to the substance of the communications exchanged. Inquiry into the subject matter of the communication is not precluded. *J. P. Foley & Co., Inc. v. Vanderbilt,* 65 F.R.D. 523, 526 (S.D.N.Y. 1974).

■ We find that this interrogatory calls for a general response relating to subject matter. It does not request disclosure of the substance of privileged communications. Motion to compel a more complete answer granted.

Interrogatory No. 7: After identifying Theodore D. Helprin, Inc. ("Helprin") as the surveyor and investigator retained by defendant's attorneys, defendant objects to the remainder of the interrogatory on the grounds that "all instructions, correspondence, communications and reports issued to and by Theodore D. Helperin [sic] are privileged communications as attorney work product and material prepared for litigation." The applicable rule is Federal Rule of Civil Procedure 26(b)(3) which provides in pertinent part:

. . . a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, . . ., insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

■ For purposes of the rule, it is irrelevant whether Helprin was retained by defendant's attorneys, as defendant alleges, or by defendant, as plaintiff contends. Work product protection, if applicable here, lies in favor of the party, its lawyers and agents. 8 Wright & Miller, Fed.Prac. & Proc.: Civil § 2024.

The initial issue is whether Helprin's report was prepared in anticipation of litigation. If it was not, then our inquiry stops and the report may be produced. If it was, however, the parties raise the additional issue of whether it was produced in anticipation of the instant litigation, where the issue is whether defendant is liable on the policy, or in anticipation of a litigation where defendant would be suing as plaintiff's subrogee. Plaintiff argues that if the report was not prepared in anticipation of the instant litigation, it would be discoverable. *U. S. v. IBM*, 71 F.R.D. 376 (S.D.N.Y. 1976). Defendant contends that once the Court finds that the report was prepared in anticipation of a litigation, then it is protected unless plaintiff shows substantial need for it.

■ Documents prepared in the ordinary course of business or for non-litigation purposes are exempt from the qualified immunity of the work product rule. Notes of Advisory Committee on Amendments of the Discovery Rules, 48 F.R.D. 487, 501. The nature of the insurance business is such that an insurance company must investigate a claim prior to determining whether to pay its insured. *Thomas Organ Co. v. Jadranska Slobodna Plovidba*, 54 F.R.D. 367 (N.D.Ill.1972).

At a certain point an insurance company's activity shifts from the ordinary course of business to anticipation of litigation. There is no hard and fast rule as to when this occurs. In *Thomas Organ Co., supra,* the Court found that materials prepared after the claim was referred to the insurance company's attorneys were prepared in anticipation of litigation. In other cases, courts have applied a "proximity to the incident" rule in determining the discoverability of a given report, *Almaguer v. Chicago R. I. & P. R. Co.*, 55 F.R.D. 147 (D.Neb. 1972), or explained that "[t]he probability [of a particular litigation occurring] must be substantial and the commencement of litigation must be imminent," before a document will be found to have been prepared in anticipation of litigation, *Miles v. Bell Helicopter Co.*, 385 F.Supp. 1029, 1033 (N.D. Ga.1974), *citing Duplan Corp. v. Deering Milliken, Inc.*, 61 F.R.D. 127 (D.S.C.1973).

Accordingly, we will dispose of this issue on the facts. On August 28, 1974, defendant informed plaintiff it was denying liability under the policy for the instant claim. This denial was based on a review of documents submitted by plaintiff and an examination of the insurance policy. Plaintiff persisted, however, in its attempts to make

defendant change its mind. A letter from defendant to plaintiff shows that negotiations between the parties had continued and defendant was prepared to further investigate plaintiff's claim to determine the coverage issue. Mr. Sinclair, of Helprin, conducted an investigation and, by letter of December 17, 1974, directly contacted plaintiff, reported on his findings and requested additional documentation. Plaintiff continued to cooperate with defendant and Helprin.

Plaintiff's actions throughout December indicate that it believed that defendant's actions related to determining the coverage issue. We find that the report was not prepared in anticipation of litigation, but rather in the usual course of business of an insurer, namely investigating a claim. The instructions to Helprin and the report are, therefore, discoverable. Plaintiff's motion to compel a full answer to this interrogatory is granted.

Interrogatory No. 9: This interrogatory asks defendant to identify "each document in the claim file and the underwriting file maintained by defendant with respect to the subject policy and claim which is the subject of this action" and then states the manner in which the document is to be described. Three issues are raised with respect to this interrogatory.

First, defendant objects to the production of any document prepared after the August 28, 1974 letter denying coverage on the ground that these documents were prepared in anticipation of litigation. In accordance with our decision on interrogatory No. 7, merely because a document was prepared after August 28, 1974 does not compel the conclusion that it was prepared in anticipation of litigation.

Second, defendant objects to the production of any document in the underwriting file which predates the issuance of the policy on the ground that they are not relevant. Relevancy at the discovery level of a litigation is not the same as relevancy at trial. The standard to be followed is whether this material "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). As stated in *Mallinckrodt Chemical Works v. Goldman, Sachs & Co.*, 58 F.R.D. 348, 353 (S.D.N.Y.1973), "discovery should be relevant where there is *any possibility* that the information sought may be relevant to the subject matter of the action." (emphasis in original). Accordingly, material predating the issuance of the policy is discoverable.

Third, defendant objects to this interrogatory "as being unduly burdensome, oppressive, vexatious and harassing, inuring to extreme prejudice of the defendant." Production of documents is governed by Fed.R. Civ.P. 34. Rule 34(b) states that a request for documents "shall set forth the items to be inspected either by individual item or by category, and describe each item with reasonable particularity." "Reasonable particularity" varies according to the facts and circumstances of each case. *Mallinckrodt Chemical Works v. Goldman, Sachs & Co., supra.* The degree of specificity needed turns "on the degree of knowledge that a movant in a particular case has about the documents he requests." 8 Wright & Miller, Fed.Prac. & Proc.: Civil § 2211 at 628.

In light of the wealth of material already made available in this case we find that plaintiff has failed to request these documents with the "reasonable particularity" required by Rule 34. Plaintiff's motion to compel a more complete answer to this interrogatory and to compel production of these documents is denied without prejudice to later renewal.

Interrogatory No. 10: Defendant is ordered to furnish a full and complete answer to this interrogatory. Defendant is required to recite, as a minimum, a description of what it actually saw during the course of its investigation.

Interrogatory No. 15: Defendant is ordered to furnish a full and complete answer to this interrogatory. Plaintiff is entitled to discovery relating to affirmative defenses. Such material is "relevant to the subject matter involved in the pending action," Fed.R.Civ.P. 26(b)(1), as it relates to the defense of a party.

## PLAINTIFF'S SECOND SET OF INTERROGATORIES

Interrogatory No. 6: Under Fed.R. Civ.P. 26(b)(1), discovery may be had of matter relevant to the defense of an action. Even though the documents which form the basis of the defense may be within plaintiff's knowledge in that plaintiff was in possession of them, this does not block plaintiff's request that defendant identify them. See *Wilmington Country Club v. Horwath & Horwath,* 46 F.R.D. 65 (E.D.Pa. 1969); *Stonybrook Tenants Ass'n, Inc. v. Alpert,* 29 F.R.D. 165 (D.Conn.1961). As the court in *Wilmington Country Club* noted:

> We think, moreover, that an answer to this interrogatory may well serve the salutary purposes for which discovery was designed, to wit, to narrow the issues for trial, to lead to the discovery of evidence, and to foster an exchange of information which may lead to an early settlement.

46 F.R.D. at 66.

In response to defendant's assertion that this request is vexatious and harassing, this Court is not satisfied that bad faith or harassment motivates plaintiff's request. *Stonybrook Tenants Ass'n v. Alpert, supra.*

Accordingly, defendant is ordered to answer this interrogatory, but where the document relied on was previously furnished by plaintiff, defendant need only identify it with particularity.

## PLAINTIFF'S MOTION FOR COSTS, DISBURSEMENTS AND ATTORNEYS FEES

We hold all this in abeyance.

SO ORDERED.