**HI-G INCORPORATED AND
DEFIANCE CIRCUIT
CORPORATION
vs.
INSURANCE COMPANY OF
NORTH AMERICA**

**No. 81-2972-K**

United States District Court
Commonwealth of Massachusetts

**December 16, 1982**

Alfred Ricciardi and Roderick MacLeish,
Jr., counsels for plaintiff.
Warren H. Brodie and John T. Harris,
counsels for defendant.

**ORDER ON MOTION FOR
ORDER COMPELLING
PRODUCTION OF REPORT (#73)**
**Collings, U.S.M.** After hearing, it is
ORDERED that the Motion For An
Order Compelling Production Of Report
(#73, filed 11/20/82) be, and the same
hereby is, DENIED.

The issue is whether reports of an

expert, retained by the defendant's attorneys in September, 1980, who is not to be called at trial, are discoverable. The answer depends on whether the expert ". . . has been retained or specially employed by another party in anticipation of litigation or preparation for trial . . .". Rule 26(b)(4)(B), F.R. Civ. P.

In my view, the most sensible test enunciated in the cases and commentaries as to whether something is done or prepared "in anticipation of litigation" is the one found in Wright and Miller, **Federal Practice and Procedure:** Civil, Sec. 2024 (1070), p. 198, wherein it is stated that, in dealing with the question whether documents are prepared "in anticipation of litigation" (Rule 26(b)(3), F.R. Civ. P.), ". . . the test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." This test was cited with approval in **Hercules Inc. v. Exxon Corp.**, 434 F. Supp. 136, 151 (D. Del., 1977), wherein the Court indicated that: "The fact that litigation may still be a contingency at the time the document is prepared has not been held to render the privilege inapplicable, if the prospect of litigation is identifiable because of claims that have already arisen." **Id.** citing **Sylgab Steel and Wire Corp. v. Imoco-Gateway Corp.**, 62 F.R.D. 454 (N.D. Ill., 1974) and **Stix Products, Inc. v. United Merchants & Manufacturers, Inc.** 47 F.R.D. 334 (S.D.N.Y., 1969).

Applying this test to the case at hand, I rule that the expert in question, Mr. Hradil, was retained "in anticipation of litigation." John Harris, Esquire, of the firm of Hoppin, Carey and Powell, represented at the hearing before me on December 15, 1982 that the defendant turned the case over to Harris' law firm in September of 1980. This representation is not disputed and is, in fact, corroborated by the Affidavit Of Christopher P. Sullivan In Opposition To Defendant's Motion For Summary Judgment (#44) at p. 2, paragraph 8. It is also not disputed that the expert was retained by Mr. Harris as part of his representation of the defendant because the plaintiff, Defiance Circuit Corporation, was going to cease operations at its Lawrence, Massachusetts plant and if the defendant was ever going to have an opportunity to view the plant where the theft allegedly occurred, it would have to do so at that time. These circumstances, in my view, compel the conclusion that the expert was retained "in anticipation of litigation".

In this connection, it should be noted that the case of **Thomas Organ Co. v. Jadranska Slobodna Providba,** 54 F.R.D. 367 (N.D. Ill., 1972), which has been criticized by Professor Moore on the ground that it is based on an erroneous reading of Rule 26 and its history and that it adopted too narrow a test as to when an act is done "in anticipation of litigation" (J. Moore, **Moore's Federal Practice,** Vol. 4, Second ed., 1948, p. 26-416, new footnote 01, (1981-82 Cumulative Supplement, pp. 91-92), holds that experts retained after consultation with an attorney have been retained "in anticipation of litigation". 54 F.R.D. at 372-3.

In support of their motion, plaintiff cites the case of **Westhemco v. New Hampshire Insurance Co.,** 82 F.R.D. 702 (S.D.N.Y., 1979). The holding of that case is that since an insurance company's normal course of business is to investigate claims, in a case where the defendant is an insurance company, nothing is done "in anticipation of litigation" until there has been a final denial of the claim. **Id.** at 708-9. The facts in the case were that the claim was denied by the insurance company in August, 1974, but ". . . plaintiff persisted, however, in attempts to make the defendant change its mind." **Id.** During the period between August and December, 1974, the defendant's attorneys hired a "surveyor and investigator" whose report was sought by the plaintiffs. The Court found that ". . . the report was not prepared in anticipation of litigation, but rather in the

usual course of business of an insurer, namely investigating a claim.''. **Id.** at 709. In the instant case, the plaintiff argues that although there was a denial of sorts of the claim in August, 1980, the parties continued to negotiate the claim and the claim was not finally denied until after Mr. Hradil had been retained and filed his reports. Thus, the argument runs, the expert was not retained in anticipation of litigation and did not prepare his reports in anticipation of litigation.

The holding in the **Westhemco** case seems to be based on the definition of "anticipation of litigation" found in the case of **Miles v. Bell Helicopter Co.**, 385 F. Supp. 1029, 1033 (N.D. Ga., 1974), which cited **Dunlap Corp. v. Deering Milliken, Inc.**, 61 F.R.D. 127 (D.S.C., 1973) to the effect that:

> "(t)he probability (of a particular litigation occurring) must be substantial and the commencement of litigation must be imminent," before a document will be found to have been prepared in anticipation of litigation.

82 F.R.D. at 708.

While I agree that the probability of litigation must be substantial, I do not agree that the commencement of litigation must be "imminent" for there to be a finding that some act was performed "in anticipation of litigation". As stated **supra**, I am of the view that the more sensible test is the one stated in Wright & Miller and cited with approval in **Hercules Inc. v. Exxon Corp., supra.**

Several additional points should be made. The first is that the **Westhemco** case did not, so far as appears, deal with an expert retained in anticipation of litigation (Rule 26(b)(4)(B), F.R. Civ. P.) but, rather, dealt with documents prepared in anticipation of litigation (Rule 26(b)(3), F.R. Civ. P.). It is not clear that whether this distinction makes any difference.

Second, it is worthy of note that plaintiffs have interposed an objection to disclosing an investigator's report done at its request in **March, 1980** in connection with this case on the ground that it was prepared in anticipation of litigation, and, thus, is not discoverable pursuant to Rule 26(b)(3), F.R. Civ. P. While not directly relevant on the issue of the **defendant's** intent as to whether acts done were in anticipation of litigation, I do conclude that this fact is probative on issue of the posture of the parties at that time and supports my conclusion that there was a substantial likelihood of litigation in the fall of 1980 and Mr. Hradil was retained because of this prospect of litigation.

**Robert B. Collings**
**United States Magistrate**